**Roscoe H. DOUGLASS, Plaintiff,**

v.

**John F. LEHMAN, Defendant.**

Civ. No. 82–0253 P.

United States District Court,
D. Maine.

March 16, 1984.

Helen M. Bailey, Morrill & Associates, Portland, Me., for plaintiff.

Pamela A. Smith, Naval Sea Systems Command, Dept. of the Navy, Washington, D.C., Joseph H. Groff, Asst. U.S. Atty., Portland, Me., for defendant.

GENE CARTER, District Judge.

In this action, brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, Plaintiff seeks back pay, adjusted retirement and pension benefits, reinstatement, and costs and attorney's fees. The case was tried to the Court, without a jury, on February 21, 1984. Having received and thoroughly considered the evidence and the written and oral arguments of counsel, the Court now makes its findings of fact and conclusions of law and directs entry of judgment.

### Findings of Fact

In April 1979 the Portsmouth Naval Shipyard issued an announcement of a vacancy in the position of Electrician General Foreman in Shop 51. Plaintiff, who was 62 years of age at the time, applied for the position. At the time of his application he had been employed at the Shipyard as a ship's progressman since November 1971, with the exception of a four-month temporary appointment as general foreman in a reactor plant in early 1977. Plaintiff spent two years during the Vietnam war as a general foreman electrician and shop head at a Navy base in the Philippines, working primarily on surface craft and dry docks. Prior to his work in the Philippines, Plaintiff held several positions at the Portsmouth shipyard including, during the mid-1960s, that of foreman electrician in Shop 51.

Because Plaintiff was demoted without cause when he returned to the United States after serving for two years at a higher level position, he was entitled to consideration for appointment to the General Foreman position in Shop 51 as a repromotion candidate. Navy instructions state that:

[r]epromotion eligibles are not entitled, as a matter of right, to repromotion to their former level automatically. In the absence of persuasive reasons for nonselection, however, it is fully expected that repromotion eligibles will be selected if they have demonstrated that they are well qualified for a position (meaning they have held that, or a like position in the past, for a sufficiently extended time so that their performance could be adequately judged.)

NAVSHPYDPTSMHINST 12335.1A(3).

In April 1980 the Industrial Relations Office of the Shipyard submitted Plaintiff's name to Richard Fransoso, the selecting officer for the general foreman position in Shop 51, for consideration as a repromotion eligible candidate. Mr. Fransoso did not select Plaintiff in this noncompetitive procedure. The Industrial Relations Office subsequently submitted Plaintiff's name with those of seven others for consideration under competitive merit promotion procedures. An advisory panel, which had previously interviewed the candidates, considered them and presented their order of

recommendation to Mr. Fransoso, the selecting officer. Plaintiff was ranked eighth out of the eight candidates and was again not selected by Mr. Fransoso. Mr. Fransoso set forth his reasons for the decision in a letter to Plaintiff as follows:

> Mr. Douglass' experience at the level of general foreman was acquired at another activity (Subic Bay) over nine (9) years ago and was of a type (surface craft such as tugs, floating drydocks, LEM's etc.) below that which is needed for present day submarine work. Furthermore, Mr. Douglass has been out of the production area in the Shipyard for many years (approximately 13 years) and is unfamiliar with the work practices of Shop 51 to properly supervise a viable work force.

The person who was selected as general foreman was, at the time, 37 years old. He had worked for the previous year as a foreman electrician in Shop 51 and had been directly engaged in submarine repair since 1973, both as an electrician, a temporary foreman, and as an electrical testing technician.

## DISCUSSION

■ Under the ADEA it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623. Therefore, in order to prevail in this ADEA action, Plaintiff must prove that he was denied promotion to the position of general foreman because of his age, or more specifically, that age was a determinative factor in his nonpromotion. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1019–20 (1st Cir.1979). Following the guidelines set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the seminal Title VII discrimination claim, the courts of this Circuit have established the order and allocation of proof to be used in ADEA cases. First, Plaintiff has the burden of proving a *prima facie* case of age discrimination by a preponderance of the evidence. If that burden is met, Defendant must then produce evidence that the alleged discrimination was the result of a legitimate, nondiscriminatory reason. If Defendant thus rebuts the *prima facie* case, Plaintiff must prove by a preponderance of the evidence that Defendant's proffered reason was a pretext for discrimination. *Loeb* at 1011, 1016; *Needham v. Beecham, Inc.*, 515 F.Supp. 460, 468 (D.Me.1981).

■ The elements of the *prima facie* case which a plaintiff must establish vary somewhat depending upon the type of employment discrimination alleged. In *Banerjee v. Board of Trustees of Smith College*, 648 F.2d 61 (1st Cir.1981), the First Circuit adapted the elements of plaintiff's *prima facie* case from those set forth in *McDonnell Douglas Corp. v. Green* to reflect plaintiff's claim that he had been denied tenure at Smith, a claim analogous to that alleged here. Adapting the *Banerjee* and *McDonnell Douglas* requirements further to fit the instant case, the Court holds that in order to make a *prima facie* case, Plaintiff must establish the following:

(1) that Plaintiff was a member of the statutorily protected age group (i.e., over 40 years of age, 29 U.S.C. § 631(b));

(2) that Plaintiff was a candidate for promotion and was qualified under Department of the Navy standards, practices or customs;

(3) that despite his qualifications, Plaintiff was rejected; and

(4) that the higher position was available and someone else was chosen to fill it.

The evidence adduced by Plaintiff at trial clearly established the elements of the *prima facie* case. Plaintiff was 62 years old at the time he applied for promotion to the advertised position of general foreman. Plaintiff was rated highly qualified for the position and was further qualified by his status as eligible for repromotion. Despite his qualifications, Plaintiff was rejected for the position and another individual was chosen as general foreman.

Once Plaintiff had established his *prima facie* case it was incumbent upon Defendant to produce evidence that Plaintiff was not promoted for a legitimate, nondiscriminatory reason. *Loeb v. Textron*, 600 F.2d at 1011; *Needham v. Beecham, Inc.*, 515 F.Supp. at 469. Defendant has adequately met this burden. The selecting officer, Mr. Fransoso, testified that Plaintiff was not selected for the position of general foreman because his qualifications were not optimal, and he was not the best candidate. Plaintiff had been ranked eighth out of eight candidates by the advisory panel. Moreover, Mr. Fransoso testified, and his explanatory letter stated, that Plaintiff's past supervisory experience, gained many years ago working on non-nuclear surface craft, did not qualify him well for the position of general foreman in Shop 51, an electrical shop where work was performed on nuclear submarines, in which the technology changes rapidly, even from year to year. Plaintiff's experience was also described as inapposite because he had been out of the production area of the shipyard for a long time and was, thus, too unfamiliar with the work practices of Shop 51 to supervise the work force effectively. Mr. Fransoso testified that Plaintiff's age had no bearing on the decision. Defendant's evidence, therefore, plainly articulates a legitimate nondiscriminatory reason for Plaintiff's nonpromotion both as a re-promotion eligible candidate and in a merit selection process. *See Loeb v. Textron*, 600 F.2d at 1011–12, nn. 5–6.

After the Defendant has come forward with a legitimate nondiscriminatory reason for his allegedly discriminatory action, in order to prevail, Plaintiff must prove that the real reason for his nonpromotion was age discrimination and that the proffered reason is merely a pretext. In order to do so plaintiff must show "that a discriminatory reason more likely motivated the employer," or "that the employer's proffered explanation is unworthy of credence." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981), *Needham v. Beecham, Inc.*, 515 F.Supp. at

469. Plaintiff in this case has failed to meet his burden. Mr. Fransoso's testimony was persuasive when he explained that in his selection process he was searching for the best qualified person, regardless of age. Mr. Fransoso's credibility on this point is bolstered by the fact that he has, in the past, appointed several persons within the statutorily protected age category to positions of higher responsibility within the shipyard.

Plaintiff asserts that Defendant's rejection of Plaintiff's experience as outdated is indicative of a bias against older workers. The Court cannot accept this proposition. Although Mr. Fransoso used terms like "stale" in referring to Plaintiff's experience, those terms referred not to Mr. Fransoso's age but to the need for current experience and knowledge in a rapidly changing field. Mr. Fransoso's concern for current supervisory experience in electrical work on nuclear submarines is well-founded given the grave possibilities for harm that can be envisioned if work in a nuclear area is performed improperly. Fransoso and Mr. Ayotte, the chairman of the advisory panel, testified that nuclear technology is highly complex and rapidly changing, and that there are stringent requirements for working on nuclear submarines. Plaintiff's own witness, Mr. Loignon, agreed with Mr. Ayotte in his estimation that nuclear submarines are more sophisticated now than they were when Plaintiff last worked with them. Vaughn Smith, the person selected by Mr. Fransoso, was a foreman in Shop 51 at the time of his selection; he had, therefore, the current supervisory experience on nuclear submarines that was required for the position. Mr. Smith had been ranked much higher than Plaintiff by the advisory panel, and his resume demonstrates the initiative (e.g., in taking college courses related to his work) that Mr. Fransoso said was an important quality he sought in a general foreman. The Court concludes, therefore, that Defendant's articulated reasons for not granting Plaintiff the position of general foreman were not pretextual. Defendant

has demonstrated that he was exercising sound business judgment in searching for the best candidate for the position of general foreman in Shop 51. Although Plaintiff established a *prima facie* case of age discrimination, he has failed to present any evidence that age was a determinative factor, or a factor at all, in the nonpromotion decision, *see Loeb v. Textron*, 600 F.2d at 1019, and has thus failed to meet his burden of proving discrimination.

Accordingly, it is *ORDERED* that

Judgment be entered for the Defendant and against the Plaintiff.

So *ORDERED.*