**Arthur P. McDERMOTT, Plaintiff,**

v.

**John F. LEHMAN, Jr., Defendant.**

**Civ. No. 82–0295 P.**

United States District Court,
D. Maine.

Sept. 24, 1984.

Robert E. Mittel, Donald F. Fontaine, Portland, Me., for plaintiff.

Kevin A. Gaynor, Asst. U.S. Atty., Portland, Me., Susan D. Warshaw, Dept. of the Navy, Washington, D.C., for defendant.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND MOTION TO ALTER OR AMEND JUDGMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

### I.

This case comes before the Court on Plaintiff's Motion to Alter or Amend Judgment and Plaintiff's Motion for Relief From Judgment or Order. The motions were filed on June 27, 1984. Both motions seek reconsideration of the Court's Order, entered via the Clerk of Courts on June 25, 1984, pursuant to Local Rule 19(c), which granted Defendant's Motion for Summary Judgment.

Defendant's Motion for Summary Judgment was filed on June 4, 1984. On June 25, 1984, the motion was granted by the endorsement of the Clerk, acting for the Court: "No objection having been filed motion *granted* per Local Rule 19(c)." (Emphasis in original.) The basis of that action was the failure of Plaintiff to comply with the requirements of Local Rule 19(c) by failing to file within ten days after the filing of Defendant's motion "a written objection thereto." [1] By virtue of that fail-

ure, Plaintiff was "deemed to have waived objection," empowering the Court to act on the motion. Local Rule 19(c).

On June 26, 1984, Plaintiff filed an objection to Defendant's Motion for Summary Judgment. The following day Plaintiff filed his Motion for Relief from Judgment or Order and Motion to Alter or Amend the Judgment, each accompanied by an affidavit of Plaintiff's counsel. Defendant filed its objection to Plaintiff's motions and a memorandum of law in opposition to Plaintiff's motions on July 6, 1984. On July 18, 1984, Plaintiff filed a reply memorandum to Defendant's memorandum.

Plaintiff seeks relief under Fed.R.Civ.P. 59(e) and Fed.R.Civ.P. 60(b). He presents three arguments: (1) his failure to respond to Defendant's Motion for Summary Judgment was excusable neglect; (2) application of Local Rule 19(c) was precluded by Rule 41(b); and (3) application of Local Rule 19(c) was precluded by Rule 56. It is first necessary to determine whether these arguments assert proper grounds for relief under Rule 59(e) or Rule 60(b).

### II.

In his Motion to Alter or Amend Judgment pursuant to Rule 59(e), Plaintiff states that he prepared his objection to Defendant's Motion for Summary Judgment on June 25, 1984. Plaintiff states that, "through inadvertence," the objection was mailed rather than filed with the Court.

■ Decisions of this Circuit indicate that relief under Rule 59(e) is not available in cases of neglect or inadvertence of counsel. *See Scola v. Boat Frances R., Inc.*, 618 F.2d 147, 153–4 (1st Cir.1980); *Morgan Guaranty Trust Co. v. Third National Bank*, 545 F.2d 758, 760 (1st Cir.1976); *Silk v. Sandoval*, 435 F.2d 1266, 1267–68 (1st Cir.1971). In each of these cases, the First Circuit refused to permit motions relating to the merits of the case to be

---

**1.** Plaintiff filed no request, within the time period, for enlargement of time within which objec- tion might be filed.

brought under Rule 60(b). Conversely, a basis for relief that falls clearly within the scope of Rule 60(b) is not a proper ground for a motion under Rule 59(e). In a decision holding that a motion for attorney's fees pursuant to 42 U.S.C. § 1988 is not within the scope of Rule 59(e), the United States Supreme Court discussed the purpose of Rule 59(e):

> Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of judgment.

> . . . .

> Consistently with this original understanding, the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits. By contrast, a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply.

*White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 450–51, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982) (footnotes and citations omitted). Plaintiff's neglect is not a ground for relief relating to the merits of his cause of action. Grounds relating to neglect or inadvertence of counsel fall squarely within the scope of Rule 60(b). *See Gideon v. Administrator, United States Small Business Administration,* 102 F.R.D. 604 (D.Me.1984); *Greene v. Union Mutual Life Insurance Company,* 102 F.R.D. 598 (D.Me.1984). Plaintiff's claim of excusable neglect, therefore, must be examined in light of the standards for relief under Rule 60(b).

■ Plaintiff's argument that application of Local Rule 19(c) in this case con-

flicts with Rule 41(b) and Rule 56, on the other hand, raises questions as to the legal correctness of the standard applied by the Court in granting judgment. Thus, these arguments present proper grounds for relief under Rule 59(e), and will be so considered.

### III.

The affidavit of Plaintiff's counsel sets forth the circumstances giving rise to the failure of Plaintiff's counsel to timely file objection to the Defendant's Motion for Summary Judgment:

2. I failed to file an Opposition to the Defendant's motion for summary judgment by June 14, 1984, for the following reason: During the first three weeks of June I have been heavily burdened with other matters pending before various tribunals in Maine. I have had contested hearings in Ellsworth, in Lewiston twice, and in Augusta, Maine. Also, I have had several more hearings scheduled in Portland, some of which were continued but three of which were conducted. This week I have four contested hearings. These are all civil matters of moderate complexity.

3. The pressure of this schedule and the complexity of the present matter before the Court prevented me from working on this case until June 25, 1984.

4. I have only this single action pending in the United States District Court, for the District of Maine, and I simply did not remember the 10 day rule for applying [sic] to motions.

■ The issue, once again, is whether "a mere palpable mistake by counsel" or by counsel's staff constitutes "excusable neglect" under Rule 60(b).[2] The applicable decisional law of this Circuit has been previously reviewed in the cases of *Greene v.*

---

**2.** This is the seventh in a series of recent cases that have come before this Court on applications for relief from an order or judgment of the Court entered for failure to comply with the requirements of Local Rule 19(c) in respect to motion practice. *See Gideon v. Administrator, United States Small Business Administration,* 102 F.R.D. 604 (D.Me.1984); *Greene v. Union*

*Mutual Life Insurance Co.,* 102 F.R.D. 598 (D.Me.1984); *Broussard v. CACI, INC.-FEDERAL,* Civil No. 83–0170–P (D.Me. June 7, 1984); *Gagne v. Carl Bauer Schaubenfabrick, GmbH,* Civil No. 82–0134–P (D.Me. June 7, 1984); *Picucci v. Town of Kittery,* 101 F.R.D. 767 (D.Me. 1984); *Barca v. Thompson Aircraft Service,* Civil No. 82–0211–P (D.Me. Feb. 1, 1984).

*Union Mutual Life Insurance Co.*, 102 F.R.D. 598 (D.Me.1984) and *Picucci v. Town of Kittery*, 101 F.R.D. 767 (D.Me. 1984). The mere fact that an attorney is busy with other matters does not excuse a neglect on his part for the purposes of Rule 60(b). *Greene*, at 602. No aspect of counsel's explanation for the neglect constitutes the "unique or extraordinary" circumstances that renders counsel's neglect "excusable." *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.1976), *cert. denied* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976), *reh'g denied* 429 U.S. 988, 97 S.Ct. 513, 50 L.Ed.2d 601 (1976). Plaintiff, therefore, is not entitled to relief under Rule 60(b) on the ground of excusable neglect.

### IV.

Plaintiff further argues that application of Local Rule 19(c) in this case is precluded by Rule 41(b). It is clear that in this Circuit the District Court is entitled to insist, in appropriate circumstances, upon compliance with the requirements of Local Rule 19(c). *Corey v. Mast Road Grain and Building Materials Co., Inc.*, 738 F.2d 11 (1st Cir.1984). It is also clear, however, that local rules must not be inconsistent with the federal rules. Rule 83.[3] If Plaintiff's assertion that application of Local Rule 19(c) in this case is inconsistent with a federal rule is correct, then he would be entitled to relief from the operation of Local Rule 19(c).

Plaintiff relies upon the first sentence of Rule 41(b):

> For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

Plaintiff argues that the Court's order granting Defendant's Motion for Summary Judgment for Plaintiff's failure to object within ten days as required by Local Rule 19(c) is "in effect" a dismissal of the case for failure to prosecute or to comply with "these rules." Plaintiff thus seeks the benefit of decisional law that disfavors dismissal, with prejudice, under Rule 41(b) for failure to prosecute. *See, e.g., Colokathis v. Wentworth-Douglass Hospital*, 693 F.2d 7, 9 (1st Cir.1982); *Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 (1st Cir.1977); *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir.1971).

The Court need not consider the standards governing dismissal under Rule 41(b) because Plaintiff's attempt to recharacterize the Court's action under Local Rule 19(c) as a Rule 41(b) dismissal fails. The purpose of Rule 41(b) is to safeguard against delay in litigation and harassment of a defendant. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2370 (1971). It provides a remedy, available by its terms to defendants only, for lack of diligence by plaintiffs. The very different purpose of Local Rule 19(c) is to ensure the orderly, efficient and expeditious management of the extensive motion practice of this Court. *Gideon v. Administrator, United States Small Business Administration*, 102 F.R.D. 604, 607 (D.Me.1984). It serves the need of this Court to have reasonably prompt notice of contest on matters which require its substantive action and the administrative attention of the office of the Clerk. *Picucci v. Town of Kittery*, 101 F.R.D. 767, 769 (D.Me.1984). Unlike Rule 41(b), which is available to defendants or to the Court in cases of "inaction or dilatoriness of the parties seeking relief," *Link v. Wabash Railroad Company*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962), Local Rule 19(c), on the other hand, is a device to regulate the administration of motion practice to secure orderly and expeditious consideration of pending motions.

A party failing to object within ten days as required by Local Rule 19(c) is deemed to consent to the granting of the motion. Certain motions, such as Defendant's Motion for Summary Judgment, are dispositive of the case. The mere fact that Local

---

**3.** Rule 83 provides in pertinent part: "Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules."

Rule 19(c) operates dispositively in this case does not trigger application of the standards by which it is decided whether a sluggish plaintiff's claim should be dismissed under Rule 41(b). The inappropriateness of applying Rule 41(b) to a summary judgment motion is made manifest when it is observed that Rule 41(b), by its express terms, could never preclude application of Local Rule 19(c) to a motion that is dispositive in favor of a plaintiff. For example, if a plaintiff's motion for summary judgment had been granted through operation of Local Rule 19(c), Rule 41(b) would clearly be inapplicable because disobedience of rules by *defendants* is beyond the scope of Rule 41(b). The analysis urged by Plaintiff would produce the anomalous situation in which only defendants would have to obey the command of Local Rule 19(c) whenever a motion is dispositive. This anomaly illustrates the weakness of Plaintiff's premise that Rule 41(b) is to be invoked whenever a court's procedural action has a dispositive effect.

### V.

The more difficult issue is whether the application of Local Rule 19(c) in this case is in any way inconsistent with Rule 56. Rule 56(c) sets forth the standard by which a court must consider a motion for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Rule 56(e) addresses the responsibilities of the non-moving party in a proceeding for summary judgment:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judg-

ment, *if appropriate*, shall be entered against him.

(Emphasis added.) The obligation imposed by Rule 56(e) upon the party opposing a motion for summary judgment does not affect the standard for deciding a summary judgment motion set forth in Rule 56(c). Advisory Committee Note, Rule 56; 10A C. Wright & A. Miller & Kane, *Federal Practice and Procedure* § 2739 at 520 (2d ed. 1983); *Stepanischen v. Merchants Despatch Transportation Corporation*, 722 F.2d 922, 929–30 (1st Cir.1983). Thus, the Advisory Committee Note to Rule 56 states:

> Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.

*See Stepanischen*, 722 F.2d at 929; 10A C. Wright & A. Miller & Kane, *supra*, § 2739 at 523–24. The Advisory Committee Note merely echoes the dictate of Rule 56(e) that summary judgment should be granted against a party who fails to respond only "if appropriate." *Stepanischen*, 722 F.2d at 929.

When a non-moving party chooses to rest on his pleadings, "the court may not automatically award summary judgment" to the moving party. *Thornton v. Evans*, 692 F.2d 1064, 1074 (7th Cir.1982). The moving party has the burden of showing undisputed facts that entitle it to summary judgment as a matter of law. *Stepanischen*, 722 F.2d at 929–30. Until this initial burden is met, the non-moving party has no obligation to respond in order to avoid summary judgment. *Id.*

Therefore, it is ordinarily true that a court must review the materials presented by the moving party to determine whether the standard for summary judgment is met even if the non-moving party fails entirely to file materials in opposition. Application of Local Rule 19(c), as previously interpreted by this Court, would eliminate judicial review of unopposed summary judgment motions when a nonmoving party fails to object within ten days. On

the other hand, enforcement of the waiver provision of Local Rule 19(c) is essential to efficient operation of the motion practice of this Court. *See Picucci v. Town of Kittery,* 101 F.R.D. 767 (D.Me.1984).

■ Existing local rules may be interpreted to accomodate both the dictates of Rule 56 and the need for administrative efficiency.[4] Local Rule 19(b), which regulates summary judgment motion practice, imposes certain obligations upon non-moving parties and sets forth consequences of noncompliance:

> (2) The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, supported by appropriate record citations, as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party, if supported by appropriate record citations, *will be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party.*

(Emphasis added.) Local Rule 19(c) provides that unless objection to any motion is filed within ten days, objection is waived. In order to accommodate the policy of Rule 56 favoring disposition of summary judgment motions on the merits, the deemed waiver provision of Local Rule 19(c), with respect to motions for summary judgment, should be limited to waiver of objection to the movant's factual assertions. In effect, only the sanction prescribed by Rule 19(b)(2) need be applied for failure to comply with Rule 19(c).

■ With respect to summary judgment motions, therefore, an opposing party who fails to object within ten days is to be deemed to have waived his right to controvert facts asserted by the moving party. The Court will accept as true all material facts, supported by appropriate record citations, set forth by the movant. Summary judgment will be granted if upon the Court's consideration of the pertinent papers, those facts entitle the moving party to judgment as a matter of law. Thus may

be accomplished the beneficent purposes of both the Local Rule and Rule 56.

This interpretation of Local Rule 19(c) will ensure that a moving party will not be granted summary judgment unless his statement of supporting facts will support summary judgment as a matter of law. *See Frasco v. Jos. Schlitz Brewing Co.,* 532 F.Supp. 1020, 1021, n. 1 (M.D.N.C. 1982); *Hamilton v. Keystone Tankship Corporation,* 539 F.2d 684, 686, n. 1 (9th Cir.1976). It also provides ample incentive for non-moving parties to comply with Local Rule 19(c); the risk of noncompliance is waiver of the right to controvert the moving party's supported allegations. *See Wang v. Lake Maxinhall Estates, Inc.,* 531 F.2d 832, 835, n. 10 (7th Cir.1976).

■ In accordance with this opinion, Plaintiff's Motion to Alter or Amend Judgment is granted under Fed.R.Civ.P. 59(e). Plaintiff, by failing to object as required by Local Rule 19(c), has waived any objection to Defendant's statement of material facts, and the Court will proceed to decide Defendant's Motion for Summary Judgment on Defendant's statement of material facts.

## VI.

This is a complaint for age discrimination brought pursuant to 29 U.S.C. § 633a(a). Plaintiff is a professional engineer, licensed by the State of Maine, who has experience in a variety of engineering positions in private industry and with the federal government. He was fifty-five years old at the time the alleged discrimination took place.

Plaintiff observed a notice in the placement office at the University of Maine at Orono advertising an opening for a mechanical engineer position with the United States Navy, Supervisor of Shipbuilding, Conversion and Repair, in Bath, Maine. The advertisement provided:

Position: Mechanical Engineer

Company: U.S. Navy—Supervisor of Shipbuilding, Conversion and Repair

---

4. See Appendix A.

Address: 574 Washington St., Bath, ME 04530

Contact: Paul Farrell, Chief Engineer

Telephone: 207/443–4155

Want graduate Mech. Eng. interested in working for the government in shipbuilding in the State of Maine. The position entails the review and design of systems-machinery such as: (1) main propulsion and auxiliary machinery; (2) piping, ventilation, air conditioning and heating, and (3) equipment noise and vibration. For further information, please contact (name and address above).

DEADLINE: June 1, 1981.

Plaintiff went directly to Mr. Farrell's office to inquire about the position. Defendant appended to its motion for summary judgment excerpts from the depositions of Mr. McDermott and Mr. Farrell regarding their conversation concerning the position. The excerpts are inconsistent in some respects, but there is no doubt that Plaintiff never submitted a written application for the position. A written application is normally required.

Defendant contends that Plaintiff has failed to establish a *prima facie* case for relief under 29 U.S.C. § 633a(a) because he never applied for the position.[5] Defendant argues that since there is no issue as to whether Plaintiff completed the application process, he has failed to produce evidence in support of an essential element of his cause of action. Defendant contends, therefore, that it is entitled to judgment as a matter of law.

The elements of a *prima facie* case for an action under the Age Discrimination in Employment Act (ADEA) have been drawn from Title VII sex and race discrimination cases. *See Douglass v. Lehman*, 581 F.Supp. 704 (D.Me.1984); *Loeb v. Textron*, 600 F.2d 1003, 1014–20 (1st Cir.1979). These elements were set forth in the United States Supreme Court's decision in the Title VII case of *McDonnell Douglas Corp. v. Greene*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As adapted to an age discrimination case, the elements of a *prima facie* case are:

(1) that plaintiff was a member of the statutorily protected age group (i.e., over forty years of age, 29 U.S.C. § 633(a) [29 U.S.C. § 633a(a) ]);

(2) that plaintiff applied for and was qualified for an opening;

(3) that despite his qualifications, plaintiff was rejected; and

(4) that, after plaintiff's rejection, the position remained open and the employer continued to seek applicants.

*Douglass*, 581 F.Supp. at 706; *see McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824.

The Supreme Court made clear in *McDonnell Douglas*, however, that the elements of a *prima facie* case will vary depending upon the facts:

The facts necessarily will vary in Title VII cases, and the specification above of the *prima facie* proof required from respondent is not necessarily applicable in every respect to differing factual situations.

411 U.S. at 802, n. 13, 93 S.Ct. at 1824, n. 13. This is just such a case.

■ The four elements of a *prima facie* case provide a device for imposing burdens of production and proof in an age discrimination case. *See Loeb*, 600 F.2d at 1014–15. A plaintiff who can prove the elements of a *prima facie* case is relieved of any further evidentiary burden unless a defendant can produce evidence that the plaintiff was rejected for nondiscriminatory reasons. *Id.* at 1011–12. The four-part *McDonnell Douglas* analysis provides a method by which plaintiffs may build a circumstantial foundation supporting an inference of discrimination where direct evidence of discrimination is unavailable. *Id.* at 1014. If a plaintiff offers *direct* evidence of discrimination, the rationale for

---

5. 29 U.S.C. § 633a(a) provides in pertinent part:

All personnel actions affecting employees or applicants for employment who are at least forty years of age (except personnel actions with regard to aliens employed outside the limits of the United States) in military departments as defined in Section 102 of Title V ... *shall be made free from any discrimination based on age.*

(Emphasis added.)

requiring strict compliance with the *McDonnell Douglas* method of proof disappears. It is clear that age discrimination may be proved "by any direct or indirect evidence 'without resort to any judicially created presumptions or inferences related to the evidence.'" *DeHues v. Western Electric Co., Inc.*, 710 F.2d 1344, 1347 (8th Cir.1983) (quoting *Lovelace v. Sherwin Williams Co.*, 681 F.2d 230, 239 (4th Cir. 1982)).

In his deposition, Plaintiff testified that Mr. Farrell told him:

> We are looking for a young engineer, and I said does it make that much difference, and he says I think so. He said we have a couple of older engineers that will be retiring in a couple of years, and we want to hire a young engineer and train him to take their place.

This testimony and other statements made by Plaintiff constitute direct evidence that Defendant's employee, Mr. Farrell, either rejected Plaintiff because of his age or deterred him from applying because of his age. Under these circumstances, in which direct evidence has been adduced, it is unnecessary to rigidly hold Plaintiff to proof of the elements of a *prima facie* case. Plaintiff need not have completed the formal application process if it would have been futile for him to have done so. *Cf. Teamsters v. United States*, 431 U.S. 324, 365–67, 97 S.Ct. 1843, 1869–70, 52 L.Ed.2d 396 (1977).

▇▇▇ Mr. Farrell testified, in contradiction to Plaintiff's testimony, that Plaintiff was not interested in the position. These conflicting versions of the interview present issues of material fact as to whether Plaintiff truly wished to apply for the position, whether he was rejected, and whether he reasonably believed completing the application process would have been futile due to Defendant's intention to hire a younger person for the position.

Plaintiff must reach a certain threshold with respect to pursuing a particular position before he can claim to have been injured by age discrimination. The determination of that threshold is a question of law. However, it is not possible for this Court to hold as a matter of law that a plaintiff must complete a formal application procedure before he can bring an age discrimination action. *Cf. Teamsters v. United States*, 431 U.S. 324, 365–67, 97 S.Ct. 1843, 1869–70, 52 L.Ed.2d 396 (1977). The determination of the legal threshold is inextricably entwined with the additional fact issue as to the nature and extent of Defendant's alleged discriminatory action. The two depositions clearly show that the extent and nature of Defendant's alleged discriminatory practice is in dispute. In addition, the question of whether Plaintiff's failure to pursue the position further was caused by Defendant's discrimination or his own lack of interest is in dispute. Resolution of these issues of fact is essential to determination of this case. Therefore, based on Defendant's submissions alone, there are clearly issues of fact remaining and Defendant's Motion for Summary Judgment will be denied.

### ORDER

For the reasons set forth in the foregoing Memorandum of Decision, it is ORDERED that:

(1) the Order granting Defendant's Motion for Summary Judgment be, and is hereby, VACATED pursuant to Fed.R.Civil P. 59(e); and

(2) Defendant's Motion for Summary Judgment be, and is hereby, on reconsideration, DENIED.

SO ORDERED.

### APPENDIX A

A construction of Local Rule 19(c) which would obviate the need for a distinction between application of Local Rule 19(c) to motions for summary judgment and to other motions is analytically viable. Such a construction would recognize that failure to contest a motion for summary judgment may be distinguished from consent to such a motion. There is no doubt that if a party affirmatively waives any objection to a motion for summary judgment, effectively assenting to it, the Court has no obligation to review the merits of the summary judgment motion. It may be granted. Under Local Rule 19(c), a party who fails to object

is "deemed" to have waived any objection to the motion. If a party fails to comply with Local Rule 19(c), the effect is the same as if he had affirmatively consented to granting of the motion. Local Rule 19(c) gives parties clear and unambiguous notice of their obligations and of the consequences of noncompliance. The Rule gives fair warning that failure to object within ten days communicates waiver of all objection to the Court, just as written objection within ten days communicates intent to contest a motion.

Failure to file notice of objection to a motion, which triggers the deemed waiver under Local Rule 19(c), is distinguishable from the situation in which a party gives notice of its opposition, as required by Local Rule 19(c), but fails to present any assertions, affidavits, memoranda or other materials in support of its position. In the latter situation, the Court is required by Rule 56 to examine the motion on the merits. In the former situation, the Court is entitled to treat the party's inaction as a waiver of objection and to grant it without considering the motion on its merits.

As a rule regulating motion practice, Local Rule 19(c) does not purport to alter the Court's obligations with respect to a motion for summary judgment or any other motion made under these rules; its operation is not affected by the character of the underlying motion.

Plaintiff cites *Hamilton v. Keystone Township Corporation*, 539 F.2d 684 (9th Cir.1976) (*per curiam*) in support of his position. In *Hamilton*, the District Court granted summary judgment to the moving party on the grounds that the opposing party failed to comply with certain local rules. The Ninth Circuit, without specifically discussing the deemed consent provision, interpreted the local rules as follows:

> As we read Local Rule 3, that rule does not require entry of a summary judgment on behalf of the moving party in absence of opposition, affidavits or statements of genuine issues of fact by the opponent, where the movant's papers on their face are clearly insufficient to support a motion for summary judgment and

where, as here, those papers themselves suggest the existence of a genuine issue of material fact.

*Id.* at 686. *Hamilton* is of limited usefulness as persuasive authority for at least three reasons. First, the Ninth Circuit's decision was based on an interpretation of the local rules that is at variance with this Court's interpretation of Local Rule 19(c) in *Picucci, supra, Broussard, supra,* and *Gagne, supra.* Thus, the Court failed to reach the issue presented here. Second, the deemed consent provision of the local rules was only one of at least two grounds for the decision, and the Court of Appeals did not discuss them separately. Third, the brief *per curiam* opinion in *Hamilton* did not undertake to analyze the purposes and policies of the local deemed consent provision *vis-a-vis* the purposes and policies of Rule 56. The Ninth Circuit did not examine the distinction between lack of contest on the one hand, and deemed waiver or deemed consent on the other.

Thus, it is possible to find that a strict construction of Local Rule 19(c) does not conflict with Rule 56. However, this approach is unnecessary effectively to achieve the purposes of Local Rule 19(c) where the initiating motion is one for summary judgment under Rule 56.