**Leonard G. GAGNE, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary, United States Department of Health and Human Services, Defendant.**

**Civ. No. 84–0409–P.**

United States District Court,
D. Maine.

July 25, 1985.

Michael A. Bell, Bell & Geores, Lewiston, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## ORDER VACATING DECISION OF THE SECRETARY AND REMANDING FOR FURTHER PROCEEDINGS

GENE CARTER, District Judge.

This is an action for review of a final decision of the Secretary of Health and Human Services which denied Plaintiff's application for Social Security disability benefits. Plaintiff filed his complaint on December 13, 1984. Defendant did not file her answer on time, but requested an ex-tension of time in which to file after the date for filing had passed. The Court denied the Secretary's motion, and the answer was filed tardily on February 25, 1985. On April 11, 1985, Plaintiff moved for judgment on the pleadings or, in the alternative, for summary judgment, urging the Court not to consider the Secretary's Motion for an Order Affirming the Secretary's Decision.

■ As the First Circuit Court of Appeals stated in *Alameda v. Secretary of Health, Education and Welfare,* 622 F.2d 1044 (1st Cir.1980): "[T]he Court is not without resources of a compulsory nature to force the Secretary to comply with its statutory and procedural duties with respect to progress of this litigation." The Court has in the past adopted the remedy which Plaintiff seeks in other situations in which the Secretary or another party has failed to file required documents or pleadings on time. *See Mawhinney v. Heckler,* 600 F.Supp. 783, 785 (D.Me.1985); *McDermott v. Lehman,* 594 F.Supp. 1315 (D.Me. 1984). The Court will adopt the same remedy in this case and will not consider the Secretary's Motion for an Order Affirming the Decision of the Secretary and supporting memorandum. Since the remedy of default is not available against the Secretary, this is the only method by which the Court may assure the Secretary of its seriousness in enforcing its deadlines and maintaining the smooth flow of its docket.

■ Plaintiff alleges multiple impairments including pain, cardiac problems, pulmonary problems and status post laminectomy. The ALJ considered each of these impairments separately, and finding each one not to be severe, under 20 C.F.R. Part 404.1521 determined that Plaintiff was not disabled. Plaintiff raises three challenges to the Secretary's decision. First, he asserts that the Secretary's determination that his impairments are not severe is not supported by substantial evidence. Next, he asserts that the Secretary's regulation requiring a finding of severe impairment, 20 C.F.R. Part 404.-

1520(c), is invalid. Finally, he asserts that the Secretary proceeded improperly by failing to consider his impairments in combination. Because the Court agrees with Plaintiff that the ALJ should have considered Plaintiffs' impairments in combination, it will remand the case to the Secretary and will not consider the other challenges presented by Plaintiff.

When the ALJ considered this case in the spring of 1984, the Secretary generally followed a policy of assessing each of multiple impairments separately. The record in this case demonstrates that the ALJ followed this policy and did not consider Plaintiff's impairments in combination. Section 4 of the Social Security Disability Benefits Reform Act of 1984, 42 U.S.C. § 423(d)(2)(C), which is to "apply to determinations" made on or after December 1, 1984, provides that, in determining whether a claimant's impairments are severe "the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."

In *Boisvert v. Heckler*, Civil No. 84–0292–P (D Me. Dec. 14, 1984), this Court decided that section 4 of the Reform Act is to be applied to cases pending in this Court for determination after December 1, 1984, whether or not the Secretary's final decision preceded applicability of the new section. Since the record in cases such as this one, decided by the Secretary before December 1, 1984, was developed with reference to an entirely different standard, the Court determined that remand is appropriate to permit the Secretary "to take additional evidence and perform her statutorily-designated factfinding role." *Id.*, slip op. at 4.

Accordingly, it is ORDERED that the decision of the Secretary is VACATED and this case is REMANDED to the Secretary so that she may take additional evidence and apply section 4 of the Reform Act.

So ORDERED.