**Roderick A. DeARMENT, Acting Secretary of Labor, Plaintiff,**

v.

**LOCAL LODGE S-6, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, Defendant.**

**Civ. No. 91-0008 P.**

United States District Court, D. Maine.

Nov. 20, 1991.

David R. Collins, Asst. U.S. Atty., Portland, Me., for plaintiff.

Harold L. Lichten, Agnoff, Goldman, Manning, Boston, Mass., for defendant.

GENE CARTER, Chief Judge.

MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, the Acting Secretary of Labor, has brought this action under 29 U.S.C. § 482 seeking to void an election for local president of Defendant labor union. He also seeks an order requiring a new election. The Acting Secretary's action is based on a complaint filed by union member, Ainsley McPhee. Defendant seeks dismissal of the complaint or summary judgment on the grounds that it was untimely filed. Plaintiff has filed a cross-motion for

partial summary judgment on this issue. Since both parties have submitted materials outside the pleadings in support of their arguments, the Court will treat this motion as one for summary judgment.[1] Fed. R.Civ.P. 12(b).

A motion for summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Court of Appeals for the First Circuit has recently stated: "To survive summary judgment, [the non-moving party] must ... show[ ] that there [is] sufficient evidence such that 'a reasonable jury could, on the basis of the proffered proof, return a verdict' in its favor." *Media Duplication Services, Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1240 (1st Cir.1991) (*quoting Brennan v. Hendrigan*, 888 F.2d 189 (1st Cir.1989)).

The pertinent undisputed facts for this motion are as follow. Defendant is a local labor organization, which conducted an election of officers on June 20, 1990. Ainsley McPhee, a member of Defendant local protested the election in a July 16, 1990 letter to the Secretary of Labor. Copies of the letter were sent to Defendant's local election committee, the union president and the president of the international union. After being informed by an employee of the Department of Labor that he had to exhaust his internal union remedies before filing his complaint, on July 19, 1990, Mr. McPhee filed a request for a trial board with Defendant, attaching a copy of his July 16, 1990 letter as grounds for the protest. Neither the by-laws of Defendant nor the by-laws of its parent union, District Lodge 4, provide a specific procedure for protesting union officer elections.

Three months after both copying the union officials with his complaint to the Secretary and requesting a trial board, Mr. McPhee had not received any answer from the trial board or from any other responsible person in Defendant's organization. By affidavit, Defendant suggests that it did not respond to McPhee's complaint because the issues raised by it, which are now the subject of this suit, had been previously raised by McPhee and could not be raised again. The affidavit also suggests that the request for a trial board was not specific enough and therefore inadequate under union rules. The record does not show, however, that these determinations by the union were ever conveyed to Mr. McPhee.[2]

On November 8, 1990, McPhee again filed a complaint with the Secretary of Labor regarding the election of union officers conducted on June 20, 1990. On January 7, 1991, the Secretary of Labor filed the complaint in this case.

The statute governing challenges to union elections, 29 U.S.C. § 482 provides that a union member who has exhausted the internal union remedies available or who has invoked such remedies without obtaining a final decision within three calendar months after their invocation may, within one calendar month thereafter, file a complaint challenging the election procedures with the Secretary. Clearly, Mr. McPhee's attempted to invoke internal union remedies and did not obtain a final decision on his request for a trial board within three calendar months of its presentation. He was, therefore, entitled to file his complaint with the Department of Labor within one month after the expiration of the three month waiting period, and he did so on November 8, 1990.

Under 29 U.S.C. § 482(b), the Secretary must investigate the complaint and if she finds probable cause to believe a violation of the statute has occurred, she shall bring

---

1. Although it has submitted additional information in the form of a supplemental affidavit, Defendant has failed to controvert the statement of material facts submitted by Plaintiff on its cross-motion for summary judgment. The Court will, therefore, deem those facts as admitted, as prescribed in Local Rule 19(b)(2).

*McDermott v. Lehman,* 594 F.Supp. 1315 (D.Me. 1984).

2. In late November, 1990, the president of Local Lodge S–6 told a Labor Department investigator that the Local had taken no action on McPhee's complaint and request for a trial board.

a civil action against the union within sixty days after the filing of such complaint. After investigating Mr. McPhee's complaint, the Department of Labor filed this civil action on January 7, 1991, within sixty days after he filed his November 8, 1990 complaint with the Department. Since the complaint was timely filed, the Secretary is entitled to partial summary judgment on this issue.

Defendant had initially argued that the complaint in this court was untimely filed because it should have been filed within sixty days of McPhee's filing of his complaint with the Secretary in July 1990. The statute, however, requires that the union member challenging an election exhaust his internal union remedies before filing with the Department of Labor, 29 U.S.C. § 482, and the Department so informed McPhee upon receiving his letter of complaint, which did not indicate such exhaustion.

In its reply memorandum Defendant argues that long before the election, McPhee either had exhausted his internal remedies or had invoked them without obtaining a final determination within the required three months. He notes that the complaint in this case alleges that the union violated 29 U.S.C. § 481(e) "by denying a member in good standing the right to be nominated for the office of local President." Defendant's supplemental affidavit shows that in September 1989 Ainsley McPhee was found guilty of supporting a rival union and disqualified from running for union office for three years. He appealed this decision twice within the union. The first appeal was denied by the General Executive Board of the union in a decision dated December 1, 1989. On December 11, 1989, Mr. McPhee filed a civil suit in this court challenging his suspension and disqualification. On December 23, 1989, Mr. McPhee appealed the General Executive Board's decision to the union's international president. This appeal was never processed. Defendant argues that the exhaustion periods set forth in 29 U.S.C. § 482(a)(1) and (2) began to run with this series of events and thus that the filing of McPhee's complaint with the Secretary of Labor and the Secretary's filing of the complaint in this Court were untimely.

The Court of Appeals for the First Circuit addressed a very similar argument in *Usery v. Local Division 1205, Amalgamated Transit Union*, 545 F.2d 1300 (1st Cir.1976). In that case the union member had been denied his opportunity to nominate himself as a candidate, and he had gone through a first round of appeals before the challenged election. The union argued that the suit was barred either because he had exhausted his internal remedies before the election and the complaint was not filed with the Secretary within one month of exhaustion or because he had invoked his internal remedies when he began the pre-election appeal process and the complaint was not filed within four months of the beginning of the appeal process. The court stated:

> The Supreme court has said that the LMRDA provides for an expeditious, exclusive post-election remedy, *Calhoon v. Harvey*, 379 U.S. 134, 140 [85 S.Ct. 292, 296, 13 L.Ed.2d 190 (1964)] ...; and several district courts have concluded on the basis of the Supreme Court's language in *Harvey* that invocation of pre-election remedies does not place in motion the statutory timetable....

*Id.* at 1305 (citations omitted).

The court went on to distinguish *Hodgson v. United Steelworkers*, 459 F.2d 348 (3rd Cir.1972), in which the Court of Appeals for the Third Circuit found that denial of a pre-election appeal of a union member's exclusion from the ballot in a union election placed the statutory timetable in motion. Without deciding if *United Steelworkers* were correctly decided, the Court of Appeals for the First Circuit in *Local 1205*, found that even under the Third Circuit rule, only appeals or protests brought under procedures specifically relating to elections could trigger the statutory timetable. *Local 1205*, 545 F.2d at 1306. While in *United Steelworkers* the union's constitution provided a remedy requiring nomination procedures to be challenged not later than forty-five days before an election, in *Local 1205* the union had no pre-election procedures in its constitution or by-laws specifically related to elections. Because the Local 1205 member's pre-election pro-

tests had been made under a general procedure available to any member who feels he has been dealt with unfairly, his appeal would not have not started the statutory timetable even if the Third Circuit rule were in effect. Although in *Local 1205* there were constitutional procedures for post-election challenges, which the union member was required to and did exhaust, in this case there are no provisions in the constitution or by-laws for either pre- or post-election challenges to an election. Since there are no pre-election remedies specifically related to elections, the invocation by McPhee of a general procedure for challenging union action would not place the statutory timetable in motion. In light of the court of appeals' decision in *Local 1205*, the Court finds unpersuasive the union's arguments that McPhee exhausted his internal remedies prior to the election.

As demonstrated above, with the June 20, 1990 election as the starting point for the statutory exhaustion requirements, the Secretary's complaint was timely filed.

Accordingly, it is ORDERED that Defendant's motion for summary judgment be, and it is hereby, DENIED. It is FURTHER ORDERED that Plaintiff's motion for partial summary judgment be, and it is hereby, GRANTED.

SO ORDERED.