MCI TELECOMMUNICATIONS
CORPORATION, Plaintiff,

v.

FRANKLIN–CENTENNIAL
CORPORATION,
Defendant.

Civ. No. 89–0111–P.

United States District Court,
D. Maine.

Nov. 16, 1989.

John R. Bass, Portland, Me., for plaintiff.

Edwin P. Chester, Portland, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Docket No. 4), filed on September 16, 1989. No objection to the motion has been filed pursuant to Local Rule 19. The complaint sets forth a claim to recover the sum of Ten Thousand Five Hundred Six Dollars and Four Cents ($10,506.04) for telecommunications services allegedly provided by Plaintiff to Defendant pursuant to MCI Tariff F.C.C. No. 1, filed with the Federal Communications Commission. It is alleged that the claimed amount is due and owing for the services provided and that Plaintiff has made demand for such payment, which has been refused by Defendant.

■ A motion for summary judgment must be granted if:

... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The Court of Appeals for the First Circuit has just recently articulated the legal standard to be applied in deciding motions for summary judgment:

[T]he movant must adumbrate 'an absence of evidence to support the nonmoving party's case.' *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 [106 S.Ct. 2548, 2554, 91 L.Ed.2d 265] (1986). When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both 'material,' in that it might affect the outcome of the litigation, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 [106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986); *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904 [96 S.Ct. 1495, 47 L.Ed.2d 754] (1976), and 'genuine,' in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent. *Anderson,* 477 U.S. at

248 [106 S.Ct. at 2510]; *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988). It is settled that the nonmovant may not rest upon mere allegations, but must adduce specific, provable facts demonstrating that there is a triable issue. 'The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limits differing versions of the truth which a factfinder must resolve at an ensuing trial.' *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989). As the Supreme court has said:

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249–59, 106 S.Ct. at 2510–16.

*Brennan v. Hendrigan*, 888 F.2d 189, 191–92 (1st Cir.1989). It is well-established law in this district that Fed.R.Civ.P. 56 requires the Court to examine the merits of a motion for summary judgment even though a nonmoving party fails to object as required by Local Rule 19(c). *Gagne v. Carl Bauer Schraubenfabrick*, 595 F.Supp. 1081, 1084 (D.Me.1984); *McDermott v. Lehman*, 594 F.Supp. 1315 (D.Me.1984). However, a party who fails to object to a motion for summary judgment within ten days, as is required by Local Rule 19(c), is deemed to have consented to the moving party's statement of facts *to the extent it is supported by appropriate record citations.* *Lehman*, 594 F.Supp. at 1321 (emphasis added).

■ Plaintiff has filed with the pending motion Plaintiff's Statement of Material Facts as to Which There Is No Genuine Issue (Docket No. 5), which meets the requirements of Local Rule 19(b)(1). Plaintiff has submitted no material of evidentiary quality, however, in support of its position with respect to such facts. In fact, Plaintiff relies upon the fact that Defendant has failed to respond to Plaintiff's discovery requests to Defendant, filed on May 1, 1989, which included a request for admissions of fact. Plaintiff invokes the provision of Fed.R.Civ.P. 36(a) constituting a failure to respond to a requested admission of fact within thirty days after service of the request a deemed admission of the stated fact.

Counsel have not filed the discovery requests, including the requested admissions of fact, presumably pursuant to the provisions of Local Rule 16(d). However, where reliance is had in a motion upon a portion of unfiled discovery materials, it is the obligation of counsel to provide those materials to the court with the papers supporting the motion. Local Rule 16(g) provides:

> If depositions, interrogatories, requests or answers or responses thereto ... are necessary to a ruling on a motion, the complete original of the transcript or the discovery material to be used shall be filed with the Clerk ... at the filing of the motion insofar as their use can be reasonably anticipated by the parties.

Thus, Plaintiff has failed to make any record in support of its motion. It is impossible for the Court to determine whether or not the facts, as stated, are true, *see Lehman*, 594 F.Supp. at 1320, in spite of the fact that Defendant has filed no response or objection to the motion.

Accordingly, Plaintiff's Motion for Summary Judgment is hereby DENIED.