Alton MORIN, Plaintiff,

v.

**DEPARTMENT OF CORRECTIONS, et al., Defendants.**

Civ. No. 89–0160–B.

United States District Court,
D. Maine.

Jan. 5, 1990.

Alton V. Morin, Jr., Freeport, Me., for plaintiff.

Lewis V. Vafiades, Vafiades, Brountas & Kominsky, Bangor, Me., for defendant Bickmore.

Terrance J. Brennan, Asst. Atty. Gen., Augusta, Me., for defendants.

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

In this *pro se* civil rights action brought under 42 U.S.C. § 1983, Plaintiff alleges that he injured his back while incarcerated at the Bangor Pre–Release Center, and that upon his return to the Charleston Correctional Facility, he was not provided adequate medical attention and was forced to work at a job which exacerbated his injury. Defendants Department of Corrections, Charleston Correctional Facility, Bangor Pre–Release Center, Donald Allen, and Jeffrey Merrill moved to dismiss the claims against them. Defendant did not object and that motion was granted by the Court on January 3, 1990. Defendants Sally Bickmore and Nanette Gordon were included in the motion to dismiss to the extent that the complaint could be read to allege tort claims against them. Thus, any tort

claims against them have been dismissed by the Court's order.

Remaining in the case now are Plaintiff's § 1983 claims against Defendant Bickmore, a Department of Corrections nurse and Defendant Gordon, the Assistant Director of the Charleston Facility. Defendants have filed a motion for summary judgment under Fed.R.Civ.P. 56 with the statement of undisputed material facts required by Local Rule 19(b)(1). In support of the motion, they have filed numerous affidavits. Plaintiff, however, has not objected to the motion within ten days, as required by Local Rule 19(c), nor filed the required statement of material facts as to which it is contended that there exists a genuine issue to be tried. Local Rule 19(b)(2).

■ A motion for summary judgment must be granted if:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). It is well-established law in this district that Fed.R.Civ.P. 56 requires the Court to examine the merits of a motion for summary judgment even though a non-moving party fails to object as required by Local Rule 19(c). *Gagne v. Carl Bauer Schraubenfabrick,* 595 F.Supp. 1081, 1084 (D.Me.1984); *McDermott v. Lehman,* 594 F.Supp. 1315 (D.Me. 1984). However, a party who fails to object to a motion for summary judgment within ten days, as is required by Local Rule 19(c), is deemed to have consented to the moving party's statement of facts to the extent it is supported by appropriate record citations. *Lehman,* 594 F.Supp. at 1321.

The facts consented to by Plaintiff show that on May 15, 1989, Plaintiff complained to Defendant Bickmore at the Charleston Facility that he had hurt his back. He stated that the injury had occurred previ-

ously at the Bangor Pre–Release Center, but that he had not sought medical treatment then. Although the complaint alleges that Plaintiff requested to see a physician for his back problem, Defendant Bickmore's unrebutted affidavit shows that he did not do so.[1] On the same date that Plaintiff sought medical help from her, Defendant Bickmore relayed the information about Plaintiff's back to the Charleston Facility's physician. The physician ordered that because of his injury, Plaintiff would be restricted from lifting weights of more than fifty pounds. The doctor also ordered that Plaintiff be reassessed in two months. Plaintiff signed a form indicating that he was aware of and understood the restrictions.

Plaintiff saw Defendant Bickmore again on June 2, 1989. He did request to see a doctor at that appointment, and he was seen by a physician on June 6, 1989, at which time x-rays were ordered, the limitation on his weight lifting was reduced to ten pounds, and he was removed from the woods work crew to which he had been assigned.

■ In order to prove a violation of 42 U.S.C. § 1983, a Plaintiff must show a violation of his constitutional or federal statutory rights by a person acting under color of state law. Plaintiff has alleged that Defendant recklessly or negligently failed to provide him with adequate medical care, as he had requested, and that she was not the proper person to diagnose him. In *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), the United States Supreme Court stated that deliberate indifference to serious medical needs by prison officials violates the Eighth Amendment's proscription of cruel and unusual punishment. The Court further stated, however, that an inadvertent failure to provide adequate medical care or, more specifically, negligence in diagnosing or treating a medical condition, does not state a valid claim of medical mistreatment under the Eighth Amendment. *Id.* at 105–06, 97 S.Ct. at 291–92. "Where a prisoner has received some medical attention and

---

1. Rule 56(e) makes plain that mere allegations in the pleadings are not enough to generate a genuine issue of fact when a motion for summa- ry judgment is made and supported by affidavits in accordance with the rule.

.

the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law." *Layne v. Vinzant*, 657 F.2d 468 (1st Cir.1981) (*quoting Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)).

■ The record before the Court can in no way be construed to constitute deliberate indifference by Defendant Bickmore to Plaintiff's medical needs. She heard his complaint, relayed it to a physician and relayed the physician's orders to Plaintiff, making sure that he understood them.[2] When, a few weeks later, Plaintiff again complained of his back injury and requested an appointment with a physician, she referred him. If Plaintiff is alleging that Defendant Bickmore should have applied other diagnostic techniques or prescribed other forms of treatment, her failure to do so does not constitute a constitutional violation. *Id.* Since Plaintiff has failed to show a constitutional violation, summary judgment for Defendant Bickmore on the § 1983 claim is appropriate.

■ Plaintiff alleges that Defendant Gordon knew of his back injury, yet assigned him to work in the woods at a job which exacerbated his condition. Plaintiff also asserts that he told Defendant he did not think he could do the job and that Defendant should have known the assignment would violate the restrictions placed on him by the physician.

The undisputed facts before the Court show that Defendant Gordon, Chairman of the Classification Committee which assigned work at the Charleston Facility, did know of Plaintiff's physical condition and the restrictions placed upon him when she made her job assignment, and the assignment was made with the restrictions in place. The record also shows that contrary to Plaintiff's allegation of protest, he requested in writing his assignment to the wood harvesting crew. Before beginning his job, Plaintiff was instructed in the use of the woods tools and reminded by his supervisor not to lift sticks of more than fifty pounds. After beginning work, he was again reminded of the restriction. When the new, lower lifting limitation was imposed, Plaintiff was reassigned to a position more consistent with the new medical restrictions.

Under *Estelle v. Gamble*, 429 U.S. at 107, 97 S.Ct. at 292, a prison employee who intentionally interferes with a prisoner's prescribed medical treatment may be liable for violation of the Eighth Amendment if his conduct manifests deliberate indifference to serious medical needs. Defendant's role, as chairman of the Classification Committee, in complying with Plaintiff's request and assigning him to a job where his medical restrictions were taken into account and enforced does not constitute intentional interference with Plaintiff's medical treatment. Defendant's conduct can in no way be construed to manifest deliberate indifference to Plaintiff's medical needs. Summary judgment for Defendant Gordon is, therefore, appropriate on Plaintiff's § 1983 claim.

Accordingly, it is ORDERED that Defendants' Motion for Summary Judgment be and it is hereby GRANTED.

SO ORDERED.

---

2. The record shows that the physician, rather than Defendant Bickmore, prescribed the course of treatment for Plaintiff.