**NEW MAINE NATIONAL BANK, Plaintiff,**

**Federal Deposit Insurance Corporation, Counterclaim Defendant,**

v.

**Norman S. REEF and Robert L.S. McClure, III, Defendants.**

**Civ. No. 91–0044–P.**

United States District Court, D. Maine.

May 31, 1991.

Thomas A. Cox, Michael K. Martin, Petrucelli, Cox & Martin, Portland, Me., for plaintiff.

Allen Hrycay, Reef, Jordan, Hrycay & Sears, Portland, Me., for defendants.

MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR ENTRY OF FINAL JUDGMENT

GENE CARTER, Chief Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment and for Entry of Final Judgment on the principal claims of Plaintiff against Defendants herein, filed on March 27, 1991 (Docket No. 12), as supported by materials of evidentiary quality filed on the same date as the motion (Docket Nos. 13 and 14), and a memorandum in support of the motion (Docket No. 4M). In response to the motion, Defendants have filed, on April 8, 1991, only a Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 5M). Defendants have filed no materials of evidentiary quality disputing the facts set forth in support of the motion in Plaintiff's supporting papers, as required by Local Rule 19, nor have they filed any statement of genuine

issues of material fact that remain in dispute.

 It is well-established law in this district that Federal Rule of Civil Procedure 56 requires the Court to examine the merits of a motion for summary judgment even though a nonmoving party fails to contest the assertions of fact maintained by the movant to be undisputed, as required by Local Rule 19(c). *Gagne v. Carl Bauer Schraubenfabrick*, 595 F.Supp. 1081, 1084 (D.Me.1984); *McDermott v. Lehman*, 594 F.Supp. 1315 (D.Me.1984). However, a party who fails to object to a motion for summary judgment within ten (10) days, as is required by Local Rule 19(c), is deemed to have consented to the moving party's statement of facts to the extent that it is supported by appropriate record citations. *Lehman*, 594 F.Supp. at 1321.

 In the memorandum in opposition to the motion filed by Defendants, three arguments are put forth. First, that this Court is required by statute to stay this action pursuant to 12 U.S.C. sections 1821(d)(12)(A) and (B).[1] The Court has already demonstrated the invalidity of this argument in the Court's Memorandum of Decision and Order (Docket No. 16) on Defendants' Response to The Court's Order to Show Cause why the counterclaim herein should not be dismissed, also filed this date. Once again, the Court simply points out that the cited section of the statute gives the FDIC, as "the conservator or receiver," a right to request a stay and provides that such stay must be granted as to all parties. *Id.* Here, however, the only stay requested by the FDIC was specifically of the counterclaim alone. Accordingly, even if such a stay had been granted, it would not expressly or by implication of the statutory language impose any stay of the principal claim made by the FDIC as Receiver for the failed Bank. Title 12 U.S.C. sections 1821(d)(13)(D)(i) and (ii) divest the Court of only specified claims against the Receiver and the failed Bank. The stay provided for in section 1821(d)(12)(B) is, in the view of the Court as a matter of statutory construction, intended only to relate to claims as to which the Court is not divested of jurisdiction by section 1821(d)(13)(D).[2] *See* Memorandum of Decision and Order (Docket No. 16) on Defendant's Response to The Court's Order to Show Cause at 6–7. Hence these provisions, and the Court's actions pursuant to them, have, under the Act, no relevance whatever to resolution of the issue of whether claims within the scope of section 1821(d)(13)(D)(i) and (ii) should be dismissed without prejudice pending exhaustion of the administrative claims process mandated by the Act.

Next, Defendants contend that there is a genuine issue of material fact in that the evidentiary filings of the Plaintiff have failed "to show that it acted in good faith and in a commercially reasonable manner when it demanded payment." Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment at 2. This legal position fails to take properly into account the proper standards applicable in this circuit for determination of motions for summary judgment. A motion for summary judgment must be granted if:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, *show that* there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c) (emphasis added). The Court of Appeals for the First Circuit has articulated the legal standard to be applied in deciding motions for summary judgment:

> [T]he movant must adumbrate 'an absence of evidence to support the nonmov-

---

1. The reference is to a section of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, consisting of sections scattered throughout Title 12 of United States Code, but consisting mainly, for present purposes, of sections 1812 *et seq.* and specifically of section 1821(d). The Court sometimes hereinafter refers to the statute as "FIRREA" and "the Act."

2. Clearly, if a stay is sought by the FDIC only as to claims within sections 1821(d)(13)(D)(i) and (ii), then the Court is required by section 1821(d)(12)(B) only to grant a stay as to all parties *in respect to those claims.* Even if the section 1821(d)(12) stay provision does apply to claims within subsection (13)(D), the Defendants' argument fares no better.

ing party's case.' *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 [106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265] (1986). When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both 'material,' in that it might affect the outcome of the litigation, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 [106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986); *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904 [96 S.Ct. 1495, 47 L.Ed.2d 754] (1976), and 'genuine,' in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent. *Anderson*, 477 U.S. at 248 [106 S.Ct. at 2510;] *Oliver v. Digital Equipment Corp.*, 846 F.2d 103, 105 (1st Cir.1988). It is settled that the nonmovant may not rest upon mere allegations, but must adduce specific, provable facts demonstrating that there is a triable issue. 'The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial.' *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989). As the Supreme Court has said:

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511.

*Brennan v. Hendrigan*, 888 F.2d 189, 191–92 (1st Cir.1989).

This Court concludes that Plaintiff's evidentiary filings in support of the motion satisfy the requirements of *Celotex Corp., supra* at 325, 106 S.Ct. at 2553–54, and are sufficient to shift the burden of proof to the Defendants, as the party opposing the motion, "to establish the existence of a fact issue on their asserted legal theories which is both 'material,' in that it might effect the outcome of the litigation ... [omitting citations] and 'genuine,' in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent." Defendants having failed to submit any materials of evidentiary quality putting forth facts in support of the existence of such an issue or issues (indeed having failed to have controverted thereby the supported assertions of fact of the Plaintiff in any way), have failed to make a sufficient record to carry that burden.

Finally, Defendants assert the legal contention that this Court does have jurisdiction over the counterclaim and that issues of fact that might inhere in the counterclaim are a sufficient predicate to deny the motion for summary judgment. The Court rejects this contention out of hand.

After a careful review of the entire file, including the evidentiary record made on the motion, and Defendants' memorandum of law in opposition to the granting of the motion for summary judgment, this Court finds that there is, on this record, no genuine issue of material fact with respect the claims of the Plaintiff against the Defendants on the Complaint herein and concludes that, as a matter of law, the Plaintiff is entitled to a judgment against Defendants on said claims.

Accordingly, Plaintiff's Motion for Summary Judgment is hereby *GRANTED*, and it is hereby *ORDERED* that Plaintiff submit for approval by the Court, within five (5) days hereof, a proposed order for entry of judgment herein.