Michael Roy **HAMLIN**, Plaintiff,

v.

**KENNEBEC COUNTY SHERIFF'S DEPARTMENT, et al., Defendants.**

Civ. No. 89–0061–B.

United States District Court, D. Maine.

Jan. 8, 1990.

Michael Roy Hamlin, Hallowell, Me., pro se.

Timothy C. Woodcock, Mitchell & Stearns, Bangor, Me., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO AMEND AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

In this *pro se* action brought under 42 U.S.C. § 1983, Plaintiff alleges that he suffered severe physical and emotional distress as a result of his suicide attempt at the Kennebec County Jail in October 1987. Plaintiff asserts that Defendants are liable under § 1983 for his alleged injuries because they knew he was an alcoholic and placed him in a cell while drunk without removing his boot laces, despite a policy requiring their removal. He subsequently attempted to hang himself with the laces.

Initially, Plaintiff sued the Kennebec County Sheriff's Department, Sheriff Frank Hackett, and David Rodrigues, allegedly the jail administrator at the time of the incident. Defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) with supporting affidavits. Plaintiff also moved to dismiss Defendant Rodrigues and that motion was granted by the Court on December 11, 1989. Plaintiff objected to Defendants' motion to dismiss and filed an affidavit in which he set forth his version of the events. By motion of May 11, 1989, Plaintiff sought to add claims, which were in essence the same claims against new parties. Plaintiff's motion sought to "proceed separately with each Additional Name." That motion was denied by the Court on December 11, 1989. Defendants moved for summary judgment in November 1989. Plaintiff did not respond to the motion as required by Local Rule 19(b)(2) and (c). On December 26, Defendants moved to amend their motion for summary judgment to add new parties, John D. Hall, Mark A. Daigle, and Jeff P. Fenlason. Plaintiff's previous filings show that Hall,

Daigle, and Fenlason were the officers on duty when Plaintiff was admitted to the jail. Under Federal Rule 19 they are plainly persons who are necessary as parties for just adjudication of this matter. They will, therefore, be joined as Defendants and added as moving parties on the motion for summary judgment.

■ A motion for summary judgment must be granted if:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). It is well-established law in this district that Fed.R.Civ.P. 56 requires the Court to examine the merits of a motion for summary judgment even though a non-moving party fails to object as required by Local Rule 19(c). *Gagne v. Carl Bauer Schraubenfabrick,* 595 F.Supp. 1081, 1084 (D.Me.1984); *McDermott v. Lehman,* 594 F.Supp. 1315 (D.Me. 1984). However, a party who fails to object to a motion for summary judgment within ten days, as is required by Local Rule 19(c), is deemed to have consented to the moving party's statement of facts to the extent it is supported by appropriate record citations. *Lehman,* 594 F.Supp. at 1321. In this case Defendants' Statement of Material Facts does not recount facts, but rather legal conclusions and theories. The Court, therefore, will not base its decision on any facts consented to by Plaintiff's failure to respond, but rather on the affidavits and other materials previously submitted.

■ Plaintiff alleges that his jailers were negligent or grossly negligent and violated his constitutional rights by failing adequately to prevent him from attempting suicide. Neither the Supreme Court nor the First Circuit Court of Appeals has set a specific constitutional standard of treatment for pre-trial detainees. *See Revere v.*

*Massachusetts General Hospital,* 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983); *Carapellucci v. Winchester,* 707 F.Supp. 611 (D.Mass.1989).[1] It is clear, however, that negligent conduct cannot provide a basis for § 1983 liability. *Thompson v. Olson,* 798 F.2d 552 (1st Cir. 1986).

■ Based on the facts set forth in Plaintiff's affidavit filed May 8, 1989, the most that could be said of Defendants' conduct is that they negligently allowed him to keep the laces or negligently failed to assess properly his suicidal tendency. There is no evidence showing either that Defendants were deliberately indifferent to Plaintiff's medical needs, that they were grossly negligent in providing his care, or that he received arbitrary or oppressive treatment at their hands. *See Carapellucci,* 707 F.Supp. 617.

Plaintiff's affidavit shows that he was a habitual offender under Maine's laws concerning driving while intoxicated and that following an arrest for operating under the influence, he was taken to the Kennebec County Jail on the night of October 28th, 1987. A guard at the jail asked Plaintiff to remove his boot laces. The laces proved difficult to remove because of a knot and the guard said they would have to be cut. Plaintiff objected, stating that it would cost eight dollars to replace them. One of the guards, who had known Plaintiff from their school days, intervened and said that they should admit him with the boot laces because he had been there before and would not "try anything." Plaintiff's Affidavit, ¶ 5. Plaintiff was then put in a jail cell with his boot laces intact.

It is plain that Defendants decided to deviate from their standard procedure in processing jail admittees only after Plaintiff himself had expressed concern for the cost to him of replacing the boot laces and another guard had offered her opinion that based on her knowledge of Plaintiff he did not represent a suicide threat. Plaintiff has not alleged that he manifested any

---

1. *Carapellucci,* 707 F.Supp. 617, contains an excellent discussion of the possible standards to be   applied in a case like this.

suicidal tendencies, and clearly at the time of the incident Plaintiff was rational enough to express concern over the price of the laces. If it represents any breach of the standard of care owed pre-trial detainees, Defendants' conduct, based on an informed opinion of Plaintiff's state of mind by one of their colleagues, is negligence, and it does not rise to the level of a constitutional violation.

Accordingly, it is ORDERED that Defendants' Motion to Amend is hereby GRANTED. It is FURTHER ORDERED that Defendants' Motion for Summary Judgment be and it is hereby GRANTED.

SO ORDERED.