**Gregg ROCHELEAU, Plaintiff,**

v.

**CUMBERLAND COUNTY SHERIFF'S DEPARTMENT, et al., Defendants.**

**Civ. No. 89–0185P.**

United States District Court,
D. Maine.

March 21, 1990.

———

Gregg Rocheleau, Ft. Lauderdale, Fla., pro se.

Ann M. Murray, Richardson, Troubh & Badger, Bangor, Me., for defendants.

**MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

GENE CARTER, Chief Judge.

In this *pro se* civil rights action brought under 42 U.S.C. § 1983, Plaintiff alleges that he sustained injuries while incarcerated at the Cumberland County Jail awaiting hearing on a Motion to Revoke Probation. Plaintiff alleges that he tripped on an open floor drain, hit the jail wall, and broke his nose. Plaintiff alleges that Defendants are liable under § 1983 because they should have maintained a cover on the drain.

Defendants Cumberland County Sheriff's Department, Sheriff Marty Joyce and Jail Administrator Bill McLaughlin moved for summary judgment pursuant to Fed.R. Civ.P. 56, contending that there exists no issue of material fact and that they are entitled to judgment as a matter of law. Plaintiff did not file a response to the motion. The Court finds that Defendants are entitled to judgement as a matter of law and, therefore, will grant Defendants' Motion for Summary Judgment.

A motion for summary judgment must be granted if:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Because Plaintiff's complaint does not allege facts giving rise to a civil rights claim, Defendants are entitled to judgment as a matter of law.

■ A claim made pursuant to 42 U.S.C. § 1983 may not be sustained by showing "lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348, 106 S.Ct. 668, 671, 88 L.Ed.2d 677 (1986); *Hamlin v. Kennebec County Sheriff's Department*, 728 F.Supp. 804, 806 (D.Me. 1990) ("Neither the Supreme Court nor the First Circuit of Appeals has set a specific constitutional standard of treatment for pretrial detainees.... It is clear, however, that negligent conduct cannot provide a basis for § 1983 liability.")

Plaintiff's complaint alleges nothing more than mere negligence on the part of Defendants. Plaintiff does not allege either deliberate or conscious indifference on the part of the prison officials. Rather, the uncontroverted facts demonstrate, and Plaintiff concedes in his complaint, that immediately following the mishap, prison officials rushed Plaintiff to the hospital for treatment and a few days later took him to a specialist. The Court holds, as a matter of law, that Plaintiff's complaint does not allege facts necessary to sustain a civil rights action under 42 U.S.C. § 1983.

Accordingly, it is ORDERED that Defendant's Motion for Summary Judgment be, and it is hereby, GRANTED.