Ralph B. CARTER, et al.,
Plaintiffs, Appellants,

v.

Michael V. FAIR, et al.,
Defendants, Appellees.

No. 85–1794.

United States Court of Appeals,
First Circuit.

Argued Jan. 9, 1986.

Decided March 14, 1986.

Barry Barkow, Boston, was on brief for plaintiffs, appellants.

Douglas J. Perry, Segal, Moran & Feinberg, Boston, was on brief for defendants, appellees.

Before COFFIN, BOWNES, and TORRUELLA, Circuit Judges.

COFFIN, Circuit Judge.

Plaintiffs-appellants, Ralph B. Carter, et. al., ask us to find that the lawyer assistance program at the Norfolk County Jail deprives them of meaningful access to the courts. For reasons discussed below, we affirm the district court's judgment for defendants.

I.

In 1977, a class action was brought by prisoners at six Massachusetts county prison facilities, alleging denial of their right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The case was submitted for judgment on the basis of affidavits, stipulations of fact, and memoranda of law. The district court found that conditions at five of the prisons violated the inmates' right of meaningful access to the courts, and ordered those facilities to submit proposed remedies that would insure meaningful access. The court also found, however, that the plaintiffs had failed to make the necessary prima facie showing that the assistance program at the Norfolk County Jail and House of Corrections was inadequate in providing inmates meaningful access to the courts. *See Rich v. Zitnay*, 644 F.2d 41, 43 (1st Cir.1981). Plaintiffs filed a

motion for reconsideration of the judgment in favor of Norfolk County, which was denied by the district court in a memorandum and order.

The only evidence submitted on the assistance program at the Norfolk County Jail was a five-page stipulation of facts and two affidavits from directors of legal aid services in Massachusetts. The stipulation of facts revealed the following.[1] The Norfolk Jail has no law library. In its stead, the prison has an arrangement with the Norfolk County Bar Advocates Program through which one attorney is made available at the prison, each Thursday, for three hours. The attorneys rotate monthly and are paid $50 for each three-hour session. The attorneys are selected from a list of approximately twenty-five lawyers who have expressed a desire to work at the jail, and have an average of five years experience in legal practice.

Inmates make appointments to see the visiting attorneys by signing a sheet in the jail's "Inner Control Office" or by notifying any member of the custodial or social services staff. Notices of the program are posted in the human services area, dining room, and recreation hall, as well as in the manual that each inmate receives upon incarceration. The notice in the manual is read to those inmates who cannot read and translated for those who do not read English.

The visiting attorney meets separately with each inmate who has made an appointment, in a private, designated area in the prison library. Each week, an average of seven inmates sign up for the services and are seen by the attorney. There is no time limit on the counseling sessions except to the extent necessary to ensure that all inmates requesting assistance are seen. On one occasion, the visiting attorney stayed until 6:00 or 7:00 p.m. to address the questions asked that day. The attorneys meet with every inmate who has made an appointment; no inmate has ever been denied access to a visiting attorney for any reason.

The inmates raise legal questions in a variety of areas: questions about their sentences; "good work", work release, and parole status computations; divorce issues; access to prison programs; alleged brutality and mistreatment from guards and other prisoners; medical and dental care problems; disciplinary and classification proceedings; and various other civil rights violations. The assistance of the attorney is essentially limited to that which can be provided in the short, weekly session. The attorneys help inmates sort out factual details involved in their trials or sentencing so as to aid the inmate in making a clear presentation to the court in whatever pleading is filed. In addition, the attorneys familiarize the inmates with the necessary legal forms. In situations where time is needed to formulate an opinion, the inmates are informed that they will receive answers at the next session. The attorneys, however, do not perform substantial outside research of issues raised during these sessions. Nor are inmates generally provided with compilations of cases and citations addressing issues raised in contemplated or ongoing judicial proceedings. The jail does provide inmates with free photocopies of any material they request from the Norfolk County Bar Association library. The attorney advises inmates to contact their own attorneys of record for assistance when it is warranted.

The stipulation of facts also contained the following statement: "Some inmates have found Advocate assistance inadequate for the purposes of bringing cases seeking appropriate medical and dental treatment, access to institutional programs involving work release, furlough, and education, proper presentation of evidence in motions to revise and revoke sentences, immigration law concerns, and challenges to conditions of confinement and adequacy of administrative procedures." The stipulation of facts did not include any elaboration of this statement through the use of specific examples of inadequacy, apart from repeat-

1. This description of the program is taken al-    most verbatim from the stipulation of facts.

ing the statement that counsel's assistance was essentially limited to the weekly sessions. No affidavits were submitted from inmates at the Norfolk jail stating they had found the program to be inadequate in particular ways in assisting them to prepare claims for court.

Plaintiffs' counsel stipulated at a status conference that the only affidavits submitted relative to Norfolk were affidavits from Mary Prosser, Director of Deer Island Legal Services and Lee Gartenberg, Director of Middlesex County Inmate Legal Services. Both of these affidavits detailed the extensive degree of legal representation that legal services lawyers provide to inmates in other county facilities in Massachusetts. The affidavits were designed to present the extent to which prisoners in other facilities tend to require legal assistance, and by implication, to establish that the Norfolk program was inadequate because it served fewer inmates per week than did these other legal services programs.

## II.

It is undisputed that inmates have a fundamental constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Younger v. Gilmore,* 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds,* 430 U.S. at 828, 97 S.Ct. at 1498. Prison facilities are not required to provide comprehensive legal representation for inmates. Rather, the facility must provide enough assistance so as to " 'protect[ ] the ability of an inmate to prepare a petition or complaint.' " *Id.* at 828 n. 17, 97 S.Ct. at 1498 n. 17, quoting *Wolff v. McDonnell,* 418 U.S. at 576, 94 S.Ct. at 2984.

The Supreme Court in *Bounds* stressed that there was no one constitutionally ac-ceptable method of assuring meaningful access to the courts. The Court described several alternative programs that could satisfy constitutional requirements, including "the organization of volunteer attorneys through bar associations or other groups [and] the hiring of lawyers on a part-time consultant basis". *Bounds,* 430 U.S. at 831, 97 S.Ct. at 1499. The essential feature of any program is that it be effective in providing inmates with the ability to file petitions and complaints with a court, thus providing those inmates with "meaningful access" to the judicial system.

Appellants in this case have failed to present any substantive evidence that the lawyer assistance program at Norfolk has been inadequate in assisting inmates to gain access to the courts. As the district court pointed out, attorneys in the program do help inmates sort out potentially meritorious claims from those without a foundation, and help inmates marshal the facts necessary for presentation in a petition or complaint. Attorneys may be able to provide the necessary assistance even in short, weekly sessions, because, unlike inmates, they are familiar with legal forms and procedures. There is no doubt that, as the court noted, a program in which attorneys are available to consult for a greater number of hours per week, or a program in which attorneys do substantial outside research, might provide inmates with greater assistance. Nevertheless, it is the appellants' responsibility to present sufficient evidence to establish that the Norfolk program, as currently implemented, fails to provide adequate assistance to inmates. The evidence presented by appellants falls short of this proof. Moreover, we agree with the district court that evidence of a potentially high level of need for legal services at Norfolk, extrapolated from experience in other facilities, is insufficient to establish inadequacy when it is stipulated that no inmate has ever been denied access to a visiting attorney for any reason.

We emphasize that we do not hold in this opinion that all lawyer assistance programs resembling that at the Norfolk

jail necessarily pass constitutional muster. For example, if inmates could show that in order to receive adequate and meaningful assistance in preparing petitions and complaints, visiting attorneys must be available for a greater number of hours each week or that attorneys must provide them with specific citations to relevant legal cases, then the inmates may make out a prima facie case of lack of access. Once that case is made, the state bears the burden of proving the adequacy of its program. *Rich v. Zitnay,* 644 F.2d 41, 43 (1st Cir.1981). In the instant case, we hold only that appellants failed to present sufficient evidence of inadequacy in the program currently in place at the Norfolk facility. We conclude, therefore, that the district court did not err in upholding the program on the facts presented.

### III.

Appellants also claim error in the final judgment entered by the district court on August 26, 1985. Pursuant to the court's order of March 20, 1985, the five facilities whose programs had been found inadequate submitted proposed remedies. The district court found these submissions to lack sufficient detail for inclusion in a final judgment. The court, therefore, entered a final judgment requiring the facilities to establish a program meeting one or the other of two sets of requirements. One set described a program similar to that established at Norfolk; the other set described a library program.

Appellants argue that the district court's description of an adequate law library is deficient. In its order, the district court stated that the facilities could establish a law library "containing the materials set out in *Cepulonis v. Fair,* 563 F.Supp. 659, 660 (D.Mass.1983), *aff'd in relevant part,* 732 F.2d 1 (1st Cir.1984)." The order required that the materials in the library be kept updated, that the library be available for use at least forty hours a week, and that inmates be provided with requested materials unavailable in the library. The order made no mention of requiring the

facilities to train inmates or other personnel to provide assistance to other inmates in using the library. Appellants argue that, if a facility establishes a law library as a means of fulfilling the obligation of providing meaningful access, it must also provide some personnel who will assist the inmates in using the library materials. *See e.g., Smith v. Bounds,* 610 F.Supp. 597, 604 (E.D.N.C.1985); *Hooks v. Wainwright,* 536 F.Supp. 1330, 1346 (M.D.Fla.1982); *Cruz v. Hauck,* 627 F.2d 710, 720–21 (5th Cir.1980).

We note first that appellants failed to raise this objection to the district court, following entry of the final judgment below. The judge, therefore, never had an opportunity to deal with appellants' concerns and the record is barren of any discussion on this point. Moreover, we point out that the issue of library personnel may never materialize in the context of these particular facilities. In their submissions, three of the five facilities proposed to institute lawyer assistance programs similar to the one at Norfolk, rather than to establish law libraries. The two remaining facilities appear to have proposed the establishment of a library, but have indicated as well that they will investigate the possibility of establishing a lawyer assistance program. Thus, we think that neither this case, nor this record, now presents us with an appropriate opportunity to rule definitively on whether a facility must also provide trained personnel to provide assistance in using a prison law library.

*Affirmed.*