**Edward M. MAILLETT, Plaintiff,**

v.

**C. Wesley PHINNEY, Jr., Defendant.**

**Civ. No. 89–0188 P.**

United States District Court,
D. Maine.

July 18, 1990.

---

Edward M. Maillett, Windham, Me., pro se.

William R. Fisher, Portland, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

In this *pro se* civil rights action brought under 42 U.S.C. § 1983, Plaintiff claims that he was denied both access to the courts and adequate recreation while confined in administrative segregation at the York County Jail. Plaintiff alleges that Defendant ignored his requests to use the law library. Further, Plaintiff asserts that, while confined in administrative segregation, he was kept in his cell for all but one hour of each day, at which time he was allowed to take a shower and to walk in the jail corridors.

The record made on this motion is not extensive. Defendant bases his motion for summary judgment principally on the contention that Plaintiff has failed to allege or make a showing that the alleged conduct was a result of an official policy or custom of the jail. The Court finds, *inter alia*, the existence of the following genuine issues of material fact, which preclude its granting Defendant's motion for summary judgment on Plaintiff's access-to-the-courts claim: whether official policy or custom contributed to the actions alleged by Plaintiff to be improper; whether the law library at the York County Jail was adequate to satisfy Plaintiff's right of access to the courts; and whether Plaintiff was represented by counsel at the time that he was allegedly denied access to an adequate law library. The Court also holds, however, that the undisputed facts demonstrate that the opportunity for recreation given to Plaintiff while he was confined in administrative segregation was not so deficient that it rose to the level of a violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

### I.

A motion for summary judgment must be granted if:

[T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).

■ Plaintiff has not objected to Defendant's motion for summary judgment; thus, under this Court's Local Rules, the Court will accept as true all material facts, supported by appropriate record citations, set forth by Defendant. *McDermott v. Lehman*, 594 F.Supp. 1315, 1321 (D.Me. 1984).

### 42 U.S.C. § 1983: "Policy or Custom"

Defendant's principal argument in support of his motion for summary judgment is that he is not liable in his official capacity under 42 U.S.C. § 1983 absent a showing that official "policy or custom" contributed to the allegedly improper actions. See *Monell v. Department of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). Defendant argues that "Plaintiff has indicated that he does not know whether his lack of access to a law library, his administrative segregation, or the inadequate recreation he complains of resulted from a 'policy or custom of the Defendant.'" Defendant's Memorandum at 5. Defendant contends that this "admission" is enough to warrant the Court's granting of summary judgment on his behalf.

■ First, the Court holds that the "policy or custom" requirement under 42 U.S.C. § 1983 applies only to a defendant who is sued in his official capacity, thus making the action essentially one against an agency of the government. The reasoning behind this limitation is that a government agency cannot be held liable solely because it employs a tortfeasor. See *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037. The Plaintiff has sued Defendant both individually and in his official capacity, so Defendant's argument must necessarily fail with respect to the claims against Defendant

individually.[1]

▮ Further, the Court finds that genuine issues of material fact exist as to whether official policy or custom contributed to Defendant's allegedly improper actions. Defendant has not come forward with any material to affirmatively suggest that there was no policy or custom which contributed to the alleged improprieties; rather, at least with respect to Plaintiff's access-to-the-courts claim, the record now before the Court suggests that the policy or custom of the York County Jail may well have contributed to the alleged constitutional deprivations. Attached to Plaintiff's deposition is a copy of the request form used by Plaintiff to request legal materials. The heading on the printed form reads "YORK COUNTY JAIL LAW LIBRARY REQUEST FORM." The request form contains spaces for the inmate to sign his name and to date his request, and in bold letters states: "VOLUMES REQUESTED: (MUST BE SPECIFIC; VAGUE REQUESTS WILL NOT BE HONORED)." This printed form suggests to the Court that a jail policy may have contributed to the alleged denial of Plaintiff's right of access to an adequate law library. The existence of this genuine issue of material fact precludes summary judgment based on Defendant's "policy or custom" defense.

### Access to the Courts

Plaintiff alleges that he was denied access to the courts because he was not allowed to visit an adequate law library. The Court of Appeals for the First Circuit, discussing an inmate's right of access to the courts, has held:

It is undisputed that inmates have a fundamental right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); *Wolf v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Younger v. Gilmore,* 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971). This right 'requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.' *Bounds,* 430 U.S. at 828, 97 S.Ct. at 1498.... The essential feature of any program is that it be effective in providing inmates with the ability to file petitions and complaints with a court, thus providing those inmates with "meaningful access" to the judicial system.

*Carter v. Fair,* 786 F.2d 433, 435 (1st Cir. 1986).

If the right of access to courts is to be satisfied by providing access to a law library, the legal materials must be "adequate"; further, requiring inmates to identify specific volumes they wish to use *prior* to entering the library is improper because " '[i]t is unrealistic to expect a prisoner to know in advance exactly what materials he needs to consult.' " *Cepulonis v. Fair,* 732 F.2d 1, 4 (1st Cir.1984) *quoting Williams v. Leeke,* 584 F.2d 1336, 1339 (4th Cir.1978).

Defendant's statement of material facts, supported by Plaintiff's deposition testimony, states that the jail had a small library of its own, but that Plaintiff found that it did not contain adequate legal materials. Plaintiff states that the jail library contained only "an out-dated Maine Rules of

---

**1.** As to Defendant's individual liability under § 1983, it is sufficient that Defendant acted under "color of law," that is to say, that Defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988).

To the extent that Plaintiff's claims rest on the allegation that Defendant is liable under § 1983 in his *supervisory* capacity, *i.e.,* for the behavior of his subordinates, he can be held liable in his official or individual capacity if:

(1) the behavior of such subordinates results in a constitutional violation and (2) the official's action or inaction was "affirmatively linked" ... to that behavior in the sense that it could be characterized as "supervisory encouragement, condonation, or acquiescence" *or* "gross negligence amounting to deliberate indifference."

*Lipsett v. University of Puerto Rico,* 864 F.2d 881, 902 (1st Cir.1988) (citations omitted).

Court volume and a couple of the in a nutshell series." Maillett Deposition at 42. The Court finds that a genuine issue of material fact exits as to whether the York County Jail law library was adequate to satisfy Plaintiff's constitutional right to access to the courts, as well as whether Plaintiff was allowed access to that library.

Plaintiff's right of access to the courts could be satisfied if he were taken to an adequate law library outside the jail. It appears from the record that inmates are at times taken to the county law library approximately one mile from the jail; however, Plaintiff's undisputed deposition testimony and Defendant's own statement of material facts show that Plaintiff was not allowed to visit the county law library because he had made only "vague" requests for legal materials. Requiring an inmate to specify the precise legal materials he desires, prior to visiting the library itself, may violate the inmate's right of access to the courts if he is not provided with other adequate forms of legal assistance.

■ However, even if Plaintiff was not granted access to an adequate law library, his constitutional rights may have been satisfied if he was adequately represented by counsel. The record made on this motion is inadequate to satisfy the Court that at the relevant periods of time Plaintiff was represented by legal counsel. Although it appears that Plaintiff was represented by two attorneys at different times, *see* Maillett Deposition at 19,[2] it is not clear *when* those attorneys represented Plaintiff or why they ceased to do so.

The record made on this motion does suggest that Plaintiff posed a legitimate suicide and escape risk. These factors may have given rise to legitimate security and disciplinary concerns on the part of prison officials; however, those factors alone may not act to totally deprive Plaintiff of the very tools needed to challenge the conditions of his confinement.

*Adequate Recreation*

■ The Eighth Amendment's prohibition against cruel and unusual punishment may include a right to adequate exercise. *Sweet v. South Carolina Dept. of Corrections*, 529 F.2d 854, 865–66 (4th Cir.1975). Inadequacies in a prisoner's recreation opportunities may rise to the level of an Eighth Amendment violation if they are of indefinite limitation such that they present a significant risk to the inmate's health. *Id.*

■ The record made on this motion demonstrates that Plaintiff was confined in administrative segregation for two and a half weeks, during which time he was kept in his cell for all but one hour each day. The undisputed facts show that this confinement was prompted by legitimate and well-founded concern for Plaintiff's safety and for security reasons. The Plaintiff was allowed out of his cell to shower and to walk around the jail.

In light of the reasonableness of the administrative confinement, its short duration, and the opportunity afforded to Plaintiff to leave his cell each day, the Court concludes that Plaintiff's claim of inadequate recreation presents no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law on that claim.

Accordingly, it is ORDERED that Defendant's Motion for Summary Judgment be, and it is hereby, GRANTED with respect to Plaintiff's claim of inadequate recreation and DENIED with respect to his claim that he was denied access to the courts.

---

**2.** It is unclear from Plaintiff's deposition testimony when he was represented by counsel. Plaintiff stated that he entered a plea bargain with respect to he crime with which he was charged, but it is not clear when he did so. The standard to be applied in judging Defendant's conduct may be different before and after Plaintiff entered his guilty plea; prior to that point, Plaintiff was a pretrial detainee who was not yet adjudged guilty.