**Edward M. MAILLETT, Plaintiff,**

v.

**C. Wesley PHINNEY, Jr., Defendant.**

**No. 89–0188–P.**

United States District Court, D. Maine.

Jan. 15, 1991.

Edward M. Maillett, Windham, Me., pro se.

---

William R. Fisher, Thomas F. Monaghan, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

This matter comes before the Court on Defendant's Motion for Summary Judgment. For the reasons discussed below, the Motion will be granted.

### I. FACTS AND MOTION FOR SUMMARY JUDGMENT

Defendant C. Wesley Phinney, Jr., is taking a second run at securing a summary judgment in this *pro se* civil rights action. Plaintiff Maillett was incarcerated in the York County Jail from April to September 1988, from February through April 1989, and then again for two weeks in June 1989. Defendant, the Sheriff of York County, is responsible for the maintenance and operation of the jail. Plaintiff claims that Defendant deprived him of his Sixth Amendment right of access to the courts during the period of Plaintiff's incarceration by providing a constitutionally inadequate law library, limiting Plaintiff's use of legal materials, and denying Plaintiff access to a better supplied outside law library. Plaintiff seeks to enforce his right of access to the courts using the civil rights action provided to him by 42 U.S.C. section 1983.[1]

This Court denied Defendant's first Motion for Summary Judgment to the extent that it addressed Plaintiff's claim that he was unconstitutionally denied access to the courts. *Maillett v. Phinney*, 741 F.Supp. 288, 291–92 (D.Me.1990) (hereinafter *Maillett I*).[2] Defendant has now supplemented the record, filed a new Statement of Material Facts, and moved again for summary judgment, in an effort to dispose of this last remaining claim.

■ Plaintiff has objected to Defendant's Motion, but has failed to file a separate statement of material facts as to which he contends there exists a genuine issue to be tried, as required by Local Rule 19(b)(2). Failure to file a statement of material facts constitutes a waiver of objections to Defendant's Statement of Material Facts. But Plaintiff's waiver of objections is effective only to the extent that the Defendant's Statement of Material Facts is supported by appropriate record citations. *McDermott v. Lehman*, 594 F.Supp. 1315, 1321 (D.Me.1984). This outcome is consistent with Local Rule 19(b), which establishes that

> [a]ll material facts set forth in the statement required to be served by the moving party, if supported by appropriate record citations, will be deemed to be admitted unless properly controverted by the statement required to be served upon the opposing party.

Local Rule 19(b).

■ This is not, however, the end of the inquiry. It is well established in this district that Federal Rule of Civil Procedure 56[3] requires the Court to examine the merits of a motion for summary judgment even though a nonmoving party fails to object in a manner consistent with Local Rule 19. *Gagne v. Carl Bauer Schraubenfabrick*, 595 F.Supp. 1081, 1084 (D.Me.1984). Thus, the facts set forth in Defendant's Statement of Material Facts, and the evidentiary record developed by the parties, will serve as the factual record for deciding this Mo-

---

1. Plaintiff also claimed in his Amended Complaint that Defendant violated the Eighth Amendment prohibition on cruel and unusual punishment by providing inadequate opportunities for recreation during Plaintiff's confinement in the York County Jail. Amended Complaint (Docket No. 10).

2. Defendant's Motion for Summary Judgment was granted in part and denied in part. Summary judgment was granted on Plaintiff's claim of inadequate recreation. *Id.* at 292. The only remaining claim after this Court's earlier decision is Plaintiff's allegation that Defendant denied him access to the courts.

3. The relevant text is as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

tion.[4] The burden remains on Defendant to demonstrate to the Court that no genuine issue of material fact remains, and that the uncontested facts are sufficient to "entitle the moving party to judgment as a matter of law." *McDermott*, 594 F.Supp. at 1321. *See also Gagne*, 595 F.Supp. at 1084. Should the Court find that Defendant has not established a sufficient body of facts to justify a determination "on the law" by the Court, or that the record manifests a genuine issue of material fact, this Motion must be denied.

## II. ACCESS TO THE COURTS

Plaintiff alleges that he was denied his Sixth Amendment right of access to the courts because he was not permitted to use an adequate law library during the period of his incarceration. The Court of Appeals for the First Circuit has explained inmates' right of access to the courts as follows:

> It is undisputed that inmates have a fundamental right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); *Wolff[f] v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Younger v. Gilmore*, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971). This right 'requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.' *Bounds*, 430 U.S. at 828, 97 S.Ct. at 1498. ... The essential feature of any program is that it be effective in providing inmates with the ability to file petitions and complaints with a court, thus providing those inmates with "meaningful access" to the judicial system.

*Carter v. Fair*, 786 F.2d 433, 435 (1st Cir. 1986) (quoted in *Maillett I*, 741 F.Supp. at 291).

Defendant argues that a prisoner's right of access to the courts can be satisfied by "adequate assistance from persons trained in the law," regardless of the prisoner's lack of access to adequate legal materials. *Bounds*, 430 U.S. at 828, 97 S.Ct. at 1498. Thus, Plaintiff's Sixth Amendment rights cannot have been violated by the purported denial of access to an adequate law library because Plaintiff was adequately represented throughout the term of his incarceration by competent counsel. The Court suggested as much in its encounter with Defendant's first summary judgment motion, but denied that motion because of the state of the record:

> [E]ven if Plaintiff was not granted access to an adequate law library, his constitutional rights may have been satisfied if he was adequately represented by counsel. The record made on this motion is inadequate to satisfy the Court that at the relevant periods of time Plaintiff was represented by legal counsel. Although it appears that Plaintiff was represented by two attorneys at different times, *see* Maillett Deposition at 19, it is not clear *when* those attorneys represented Plaintiff or why they ceased to do so.

*Maillett I*, 741 F.Supp. at 292 (emphasis in original) (footnote omitted).

Defendant has now submitted affidavits from both of the attorneys who represented Plaintiff during the relevant time period. These affidavits indicate that Craig Gardner was appointed to represent Plaintiff at his arraignment on May 10, 1988.[5] Gardner served as Plaintiff's attorney continuously from May 10, 1988 through February 17, 1989. On February 17, 1989, Attorney Gardner was removed by the Superior Court as Plaintiff's counsel and replaced by George Wood, who then represented Plaintiff until the voluntary dismissal of Plaintiff's appeal on August 15, 1989. On the

---

**4.** Defendant filed a Statement of Material Facts with its Motion for Summary Judgment. *See* Statement of Material Facts (Docket No. 31). Defendant also moved for leave to file a Supplemental Statement of Material Facts in Support of Defendant's Motion for Summary Judgment (Docket No. 39). The Court need not consider Defendant's Supplement Statement of Material Facts, as the facts contained therein are not relevant to the dispositive issue in the Court's decision.

**5.** Plaintiff had been arrested on April 17, 1988 for robbery and criminal mischief.

basis of these new submissions, the Court is satisfied that there is no genuine issue as to the fact that Plaintiff was represented by counsel during the period of his incarceration at the York County Jail. As a result, there was no violation of Plaintiff's right of access to the courts, as a matter of law, regardless of the adequacy of the jail's law library or the restraints on Plaintiff's use of that library.

Accordingly, it is hereby ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

So ORDERED.