**Garry L. SAMMONS, Plaintiff,**

v.

**Fred ALLENBRAND, et al., Defendants.**

**No. 92–3295–DES.**

United States District Court,
D. Kansas.

March 23, 1993.

Garry Sammons, pro se.

Lawrence L. Ferree, III, Catherine J. Watson, Ferree, Bunn & Byrum, Chtd., Overland Park, KS, for defendants.

**MEMORANDUM AND ORDER**

SAFFELS, Senior District Judge.

This matter is before the court on defendants' motion for summary judgment (Doc. 13). Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. When initiating this action, plaintiff was confined in the Johnson County Adult Detention Center (JCADC) in Johnson County, Kansas. He complains defendants impermissibly restricted his access to legal

resources and to his attorney, thus depriving plaintiff of constitutional rights under the fourteenth amendment. Plaintiff filed responses to defendants' motion for summary judgment and their reply. This matter is ready to be decided by the court.

█ Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). Where the moving party demonstrates an absence of genuine issue of material fact, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Abercrombie v. City of Catoosa, Okl.*, 896 F.2d 1228, 1230 (10th Cir.1990). Although the court must resolve all factual disputes and draw all inferences in favor of the nonmoving party, *Reazin v. Blue Cross & Blue Shield of Kansas, Inc.*, 899 F.2d 951, 979 (10th Cir.), *cert. denied*, 497 U.S. 1005, 110 S.Ct. 3241, 111 L.Ed.2d 752 (1990), a party opposing a motion for summary judgment may not rest on mere allegations or denials to demonstrate there is a genuine issue of material fact for trial, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The summary judgment rule is to be interpreted in a way that allows the court to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

█ In the present case, the record produces the following uncontroverted facts. Plaintiff was confined in JCADC on May 6, 1992. He was released to the custody of the Kansas Department of Corrections in January, 1993.[1] While at JCADC, plaintiff used the law library at that facility, and requested copies of legal materials that were not available. Plaintiff was charged a cost for this copying. No trained paralegal was available in the library for assistance. Plaintiff was represented by an attorney from the public defender's office when first arrested. That attorney was replaced by another attorney, appointed in August 1992.

The record demonstrates that plaintiff extensively used the JCADC law library, pursuant to almost daily requests for library time. Plaintiff, however, complains he did not get as much library time as he needed at JCADC, that his requests for library time were sometimes ignored, and that a receipt system should have been used to document library requests. He also claims he should not have been charged for copies of legal materials that were unavailable at JCADC. Plaintiff argues he was entitled to trained professional assistance because the JCADC law library was inadequate on its face if copies had to be made of unavailable legal materials. Having reviewed the complete record, the court finds no deprivation of plaintiff's constitutional right of access to the courts.

█ Inmates enjoy a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The nature of the access guaranteed is meaningful access, not total or unlimited access *Id.* at 823, 97 S.Ct. at 1495. The fourteenth amendment due process right of access to the courts "has not been extended ... to apply further than protecting the ability of an inmate to prepare a petition or complaint." *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 2984, 41 L.Ed.2d 935 (1974).

█ Here, plaintiff was represented by counsel while confined in JCADC. Where an inmate enjoys legal representation, the government's obligation to provide meaningful access to the courts is satisfied. *United States v. Wilson*, 690 F.2d 1267, 1271–72 (9th Cir.1982), *cert. denied*, 464 U.S. 867, 104

---

1. Accordingly, plaintiff's request for injunctive relief to prevent retaliation, presumably by JCADC staff, for filing this action, and to be transferred to KDOC for parole violation, are now moot.

S.Ct. 205, 78 L.Ed.2d 178 (1983); *Maillett v. Phinney,* 755 F.Supp. 463 (D.Me.1991).

Additionally, where a claim relates to an inmate's access to resources, such as legal materials, courts typically employ an actual injury analysis to determine whether an abridgment of the inmate's constitutional rights has occurred. *See e.g., Sands v. Lewis,* 886 F.2d 1166 (9th Cir.1989); *Martin v. Lane,* 766 F.Supp. 641 (N.D.Ill.1991). In the present case, plaintiff has demonstrated no detrimental impact to his ability to present his legal papers to the court. *See Johnson v. Moore,* 948 F.2d 517, 521 (9th Cir.1991) (alleged deficiencies in prison law library did not violate minimal constitutional standards where plaintiff made no showing of substantial nature, lack of alternative means, or obstruction of access to the courts).

 Finally, the regulations contained in the JCADC inmate rule book provide that the cost of copying legal materials is to be paid by the inmate unless the inmate is indigent. Plaintiff makes no claim he was denied copies because he could not pay the cost imposed for the copies. Inmates do not enjoy a constitutional right to free or unlimited photocopying services, *Johnson v. Parke,* 642 F.2d 377, 380 (10th Cir.1980), and plaintiff alleges no injury which resulted from the imposed costs, *Johnson v. Moore,* 948 F.2d 517, 521 (9th Cir.1991).

Finding no deprivation of plaintiff's right of access to the courts, the court concludes defendants are entitled to judgment as a matter of law. Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is granted, and that all relief requested by plaintiff is denied.

