**Edward HOPKINS, Plaintiff,**

**v.**

**Terry CAMPBELL, Defendant.**

**No. 92–3115–DES.**

United States District Court, D. Kansas.

Nov. 3, 1994.

Edward Hopkins, pro se.

David C. VanParys, County Counselor, Leavenworth, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the Secretary of the Kansas Department of Corrections, filed this action while incarcerated in the Leavenworth County Jail, Leavenworth, Kansas, alleging the conditions of confinement there violated his constitutional rights. He seeks damages of one million dollars.

Defendant has filed an answer and *Martinez* report, as directed by the court. Having examined the record, the court makes the following findings and order.

Plaintiff's complaint alleges essentially that food, access to legal materials and courts, medical care, recreational facilities, heating, bedding materials and supervision of inmates provided at the Leavenworth County Jail are constitutionally inadequate.

The materials presented by defendant, however, clearly demonstrate plaintiff's claims do not entitle him to relief.

■ 1. Claim of lack of adequate meals and nutrition. A balanced and nutritious diet is provided to all inmates at the Leavenworth County Jail, including a varied diet specifically designed to provide nutritional needs of inmates. Further, the Leavenworth County Jail employs a dietitian to formulate the menu for inmates at the Leavenworth County Jail, keeping in mind their nutritional needs as well as the need for a varied diet. Refer to Exhibit A attached to the *Martinez* report in the record as an example of the menu provided to Leavenworth County Jail inmates. The court finds no support for plaintiff's claim and denies relief. *See Ramos v. Lamm*, 639 F.2d 559, 570–71 (10th Cir.1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981).

■ 2. Claim of deprivation of access to legal materials. Legal materials, including statute books, are present in the Leavenworth County jail and are made available to inmates upon request. Further, if an inmate has a special request for special legal materials those materials are provided to him. Plaintiff Edward Hopkins was represented by appointed counsel during his period of incarceration in the Leavenworth County Jail, had access to legal materials and was in no way deprived of adequate legal representation. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Love v. Summit County*, 776 F.2d 908 (10th Cir. 1985), *cert. denied*, 479 U.S. 814, 107 S.Ct. 66, 93 L.Ed.2d 25 (1986); *United States v. Wilson*, 690 F.2d 1267, 1271–72 (9th Cir.1982), *cert. denied*, 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983); and *Maillett v. Phinney*, 755 F.Supp. 463 (D.Me.1991). Relief is denied on this claim as well.

■ 3. Plaintiff claims that inadequate medical care and treatment is provided to inmates at the Leavenworth County Jail. Inmates at the Leavenworth County Jail are provided with routine doctor visits, as well as emergency and on-call visits as needed. Plaintiff fails to state that he specifically was denied medical care, and therefore fails to state a cause of action on this point. Relief is denied on this claim as well. *See Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ 4. Plaintiff claims cruel and unusual punishment due to lack of exercise and recreation areas or opportunities in the Leavenworth County Jail. The Leavenworth County Jail contains no formal exercise or recreational area. However, cell facilities do contain a dayroom which inmates are free to use for meals and limited recreation, including television, the use of radios and limited forms of exercise. The Leavenworth County Jail is not a long-term facility for incarceration of prisoners and plaintiff suffered no adverse consequences as a result of his period of incarceration at the Leavenworth County Jail and the court so finds.

■ 5. Plaintiff claims the lack of appropriate heating in the Leavenworth County Jail. The Leavenworth County Jail is adequately heated during periods of cold, with the temperature of cell blocks being monitored by officers as part of their routine

patrols. The temperature in the cell blocks is measured by mercury thermometers, which are sometimes broken by inmates or otherwise disabled. In the event that a thermometer is broken or disabled it is promptly replaced, however. *See* Exhibit B attached to the *Martinez* report in the record as an example of temperature readings in cell blocks which are taken on a daily basis during officers' routine inspections of cell blocks. Said exhibit shows that the temperatures in cell blocks in the Leavenworth County Jail are appropriate and did not constitute any deprivation of constitutional rights or cruel and unusual punishment and the court so finds.

6. Plaintiff claims that there is a lack of adequate bedding materials at the Leavenworth County Jail. Each inmate in the Leavenworth County Jail is issued, with necessary replacements, appropriate bedding materials including a pillow, sheets, mattress and two wool blankets. At no time has plaintiff ever been deprived of adequate bedding materials for his comfort while incarcerated in the Leavenworth County Jail and the court so finds.

7. Plaintiff claims that there is a lack of supervision of inmates in the Leavenworth County Jail which gives rise to a violent atmosphere. Plaintiff does not assert that he himself was ever subjected to assault or physical violence while in the Leavenworth County Jail, and therefore fails to state a cause of action on this point and the court so finds.

**IT IS THEREFORE ORDERED** that this action is hereby dismissed and all relief denied.

The clerk of the court is directed to transmit copies of this Memorandum and Order to plaintiff and to counsel for defendant.